No. 13,980.

CITY OF NEW ORLEANS VS. PENN MUTUAL LIFE INSURANCE COMPANY.

SYLLABUS.

1. The intent of the license ordinance of the City of New Orleans is that the amount of license to be paid by foreign corporations shall be calculated on the basis of the business done by the New Orleans agencies of such corpora tions.

2. A business concern doing no business outside of the State has no interest in raising the question of the legality of an ordinance on the score of its requiring a license to be paid on business done outside of the State.

A PPEAL from the Civil District Court, Parish of Orleans—*King, J.*

*Henry Garland Dupre,* Assistant City Attorney, and *Samuel L. Gilmore,* City Attorney, for Plaintiff, Appellee.

*Harry H. Hall,* for Defendant, Appellant.

The opinion of the court was delivered by PROVOSTY, J.

---

On the application for rehearing by PROVOSTY, J.

PROVOSTY, J.   The defendant company, a Pennsylvania corporation with an agency in the city of New Orleans, is sued by the city of New Orleans for its license for the year 1899, amounting to $1425.00, with interest at the rate of two per cent. per month from March 1, 1899.

Its first defense is that the suit should have been by rule, there being no law authorizing the city of New Orleans to proceed by ordinary suit to recover licenses.   The difference between a rule and an ordinary suit is that in the ordinary suit the defendant has ten days in which to appear and make his defense, and need not plead to the merits at once, but may interpose dilatory defenses, and is entitled to trial by jury; whereas in the rule the time for appearance is fixed by the judge at his discretion, and the defendant must plead all his defenses at once, and cannot claim trial by jury.   From this it is evident that a defendant proceeded against by ordinary suit instead of by rule, has no ground for complaint.   On the principle that the greater includes the less, authority to proceed by rule includes authority to proceed by ordinary suit.

The next ground of defense is that the ordinance levying the license operates extra-territorially, taxing property situated outside the limits of the State, thereby violating the Federal Constitution, §1, Section 2, Article 4, and the Fourteenth Amendment.

We fail to see what interest the defendant can have in raising this question, since the return made by it, on the basis of which the license in question is claimed, shows that all of its business sought to be taxed is done within limits of the State; it will be time enough to consider the point when it shall have been made by a person having an interest.

The plain intent of the ordinance is that the license shall be calculated on the basis of the business done by the New Orleans agency of the defendant; and no attempt is now made, and none is likely ever to be made, to give to the ordinance any other operation.   When an attempt is made to adopt the entire business of the defendant company as a basis for the license, it will be time enough for the defendant to question the legality of such a proceeding.

The defendant not having paid its license on demand is not in a position to ask exemption from the two *per cent.* per month interest.

It is therefore ordered, adjudged and decreed that the judgment of the lower court be affirmed with costs in both courts.

ON APPLICATION FOR REHEARING.

PROVOSTY, J. Of the several grounds on which defendant asks for a rehearing we need notice but one; it is that we did not pass upon the objection based on the inequality of the operation of the ordinance in question. Our reason for not doing so was that this objection is entirely dependent on the supposed extra-territorial operation of the ordinance, and that a decision against the right of the defendant to raise the question of the extra-territorial operation of the ordinance was necessarily a decision against this objection. By excluding from the case all question of the extra-territorial operation of the ordinance we *ipso facto* excluded all question of the lack of uniformity.

Rehearing refused.