O’NIELL, J.
The state sued the defendant for a license tax of $1,000, under the provisions of Act No. 209 of 1912, entitled:
“An act to carry into effect article 229 of the Constitution of 1898, as amended at the election of November, 1910, by levying an annual license tax upon all persons, firms, corporations or associations of persons engaged in the business of severing natural products, including all forms of timber, turpentine and minerals, including oil, gas, sulphur and salt, from the soil, and prescribing the mode and method in which persons subject to said license tax shall make a report of their business, and to provide penalties for violation of this act.”
The case was tried on a statement of facts, in which it is admitted that the defendant owns certain lands in the Caddo oil field, which he leased to M. L. Benedum and others, who assigned the lease to the J. C. Trees-Oil' Company, who assigned it to A. C. Bed-ford, who assigned it to the Standard Oil Company of Louisiana; that the lessees bound themselves in .the contract of lease to-develop the land for oil; that the defendant has no financial or other interest with the lessees and is not connected with the management or operation of said companies in any manner; that he has nothing to do with the location or marketing of the oil produced' from the land; that he does not operate any drilling apparatus or machinery and is not engaged in drilling wells or producing oil or gas from them; that wells have been drilled on the defendant’s lands by the lessees, who have produced oil in large quantities; that the defendant has received monthly checks or vouchers from the lessees as a consideration for the contract of lease, the total amount of which from September 12th to the date of the institution of this suit amounted approximately to $150,000; that the assessed value of the defendant’s lands before the discovery of oil and gas therein was $2 per acre; and that the present assessed value is-$150 per acre.
On this statement of facts, the district court dismissed the suit, and the state has appealed.
[1, 2] The amendment of article 229 of the Constitution of 1898, embodied as the second paragraph of the corresponding article in the Constitution of 1913, is as follows:
“Those engaged in the business of severing natural resources, such as timber and minerals, from the soil * * * whether they thereafter convert them by manufacturing or not, may also be rendered liable to a license tax, but in this case the amount to be collected may either-be graduated or fixed according to the quantity *543 or value of the product at the place where it is severed.”
The first section of Act No. 209 of 1912, carrying this article of the Constitution into effect, provides:
“That there is hereby levied an annual license tax for the year, 1912, and for each subsequent year, upon each person, or association of persons, firms, or corporations pursuing the business of severing natural products, including all forms of timber, turpentine and minerals, including oil, gas, sulphur and salt from the soil.”
The second section provides:
“That every such person, firm, association or corporation engaged * * * in the business of severing natural products, * ® * including oil and gas, * * * from the soil shall, within thirty days after the expiration of each quarter-annual period, expiring respectively on the last day of September, December, March and June of each year, file with the State Auditor a statement under oath, on forms prescribed by him, of the business conducted by such person, firm, association or corporation "during the last preceding quarter-annual period, * * * and at the time of rendering ® ® * said report, the said person, firm, association or corporation shall at the same time pay to the tax collector of the parish, where said product is taken or severed from the soil, a license equal to one-half of one per centum (%%) of the gross value of the total production thereof, less the royalty interest accruing to the owner thereof, the license on which -shall be paid by said land or royalty owner,” etc.
The third section of the act provides that:
' “The State Auditor shall have the power to require any * * * person, firm, association or corporation engaged in severing all such natural products from the soil to furnish any additional information by him deemed * * * necessary for the purpose of computing the amount of said tax and for said purpose to examine the books, records, and files of such person, firm, association or corporation,” etc.
The fourth section provides when the tax shall become delinquent, etc. The fifth section provides a penalty for failing to make the report required in the second section. The sixth section provides that, when the license tax becomes delinquent, the auditor shall issue an order to the sheriff, who “shall proceed against the property of the person, firm, association or corporation against whom said tax is assessed,” in the same manner that he is authorized to collect delinquent licenses. The seventh section prescribes a penalty for making a false oath to the report required by the act. The eighth section is the final and repealing clause.
The above analysis of the statute discloses that the license tax is imposed only upon persons, firms, associations, and corporations pursuing the business of severing natural products from the soil. The owner of the land or royalty is not mentioned anywhere in the statute, except at the end of the second section, where the rate of the tax is fixed and based upon the gross value of the production, “less the royalty interest accruing to the owner thereof, the license on which shall be paid by said land or royalty owner.”
[3] Article 229 of the Constitution does not provide for imposing a license tax upon the land or royalty owner, but only upon those engaged in the business of severing natural resources from the soil. The title of the statute carrying out this provision of the Constitution does not express its object to be to impose a license tax upon the ’land or royalty owner, but only upon persons, firms, corporations, or associations of persons engaged in the business of severing natural products from the soil.
Our conclusion is that the expression in the second section of the statute, “less the royalty interest accruing to the owner thereof,” merely deprives the state of so much revenue; and that the preceding clause, “the license on which shall be paid by said land or royalty owner,” has no effect whatever. To attempt to give it effect, under the title of this statute, would be violative of article 31 of the Constitution, which provides that the object of every statute must be expressed in its title. If the Legislature had undertaken to impose this license tax upon the land or royalty owner, not engaged in the business of severing natural products from the soil, it would have been without any constitutional authority. Our opinion is that this clause, *545 exempting the royalty interest from the tax imposed upon those engaged in the' business of severing natural products from the soil, was so worded inadvertently; but we have no authority to correct it. It was intended that the Legislature should impose the license tax entirely upon those engaged in the business of severing the natural products, from the soil, and leave it to them to adjust matters with their lessors, or land or royalty owners.
The judgment appealed from is affirmed.
PROVOSTY, J., dissents.