UNION SULPHUR CO. v. REED, Tax Collector, et al.

(District Court, E. D. Louisiana.   February 18, 1918.)

No. 15737.

1. LICENSES ⊂⊃1—LICENSE TAXES—WHAT ARE.
   Act La. No. 145 of 1916, requiring miners of sulphur to file statements showing the amount mined in the preceding three months, and imposing a tax of 10 cents per ton on that amount for privilege of continuing operations during the ensuing quarter, must be deemed a license tax, as no lien on the sulphur mined is provided for, and the tax can be recovered only by a proceeding in a court of competent general jurisdiction.

2. COURTS ⊂⊃366(6)—FEDERAL COURTS—DECISIONS OF STATE COURTS AS PRECEDENTS.
   Decisions by the Louisiana Supreme Court, holding that similar laws were not invalid under Const. La. art. 229, are binding on the federal court, in considering the contention that Act La. No. 145 of 1916 was invalid under the same article.

3. CONSTITUTIONAL LAW, ⊂⊃229(1)—EQUAL PROTECTION OF LAW—FOURTEENTH AMENDMENT.
   The states may classify the property within their borders and impose unequal taxation, provided the taxes are uniform on all property in each class, without violating the provisions of Const. U. S. Amend. 14.

4. CONSTITUTIONAL LAW ⊂⊃208(3)—MINES AND MINERALS ⊂⊃87—CLASS LEGISLATION—WHAT CONSTITUTES—LICENSES.
   That plaintiff was the only person engaged in sulphur mining in Louisiana does not render invalid Act La. No. 145 of 1916.

5. INJUNCTION ⊂⊃152—PLEADINGS—QUESTIONS RAISED.
   On final hearing on a bill to enjoin and have declared void an act imposing license taxes, matters not raised by the pleadings cannot be considered.

6. INJUNCTION ⊂⊃85(2)—GROUNDS OF RELIEF—ADEQUATE REMEDY AT LAW.
   As a suit in the state court was necessary to enforce Act La. No. 145 of 1916, imposing license taxes on the business of mining sulphur, complainant, which was engaged in that business, had an adequate remedy at law, and was not entitled to enjoin enforcement of the act on the ground that the greater part of the sulphur mined was sold in interstate and foreign commerce.

In Equity.  Bill by the Union Sulphur Company against Henry A. Reed, Tax Collector, and others.   Bill dismissed, without prejudice to any rights of defendant arising from the fact that its sulphur is sold in interstate commerce.

Howe, Fenner, Spencer & Cocke, of New Orleans, La., Sullivan & Cromwell, of New York City, and Pujo & Williamson of Lake Charles, La., for complainant.

Elias R. Kaufman, of Lake Charles, La., for defendant tax collector.

A. V. Coco, Atty. Gen., for defendant auditor.

FOSTER, District Judge.   This is a bill to have declared void, as against plaintiff, Act 145 of 1916 of the General Assembly of Louisiana, and to enjoin the collection of the taxes assessed under its provisions.   Plaintiff prays for an injunction pendente lite, but no hearing

has been asked on that issue, and the case is submitted for final hearing on the pleadings and an agreed statement of facts.

Under the said act, at stated times, plaintiff is required to file a statement showing the amount of sulphur mined during the preceding three months, and is then required to pay a tax of 10 cents per ton on that amount for the privilege of continuing operations during the ensuing three months.

It is contended by plaintiff that the tax is a direct tax upon property, and not a license tax, and therefore violates article 225 of the Constitution of Louisiana. Plaintiff further contends that the severing of minerals from its land is an incident of ownership, and, whether the 10-cent tax be considered a direct or a license tax, it violates the equal protection clause of the Fourteenth Amendment of the Constitution of the United States.

Defendants contend that Act 145 of 1916 imposes a license tax upon the business, or occupation, of severing minerals from the soil and is valid under the provisions of article 229 of the Constitution of Louisiana. The question presented is a very close one. Its decision depends upon the peculiar facts of this case and cannot be controlled by any case not based upon practically identical facts.

[1] In Louisiana it is the general law that nearly all occupations and businesses are required to pay a license. The lawyer and the doctor must each pay a license for the privilege of practicing his profession; the merchant pays an ad valorem tax on the stock of merchandise in his store, and is also required to pay a license tax for the privilege of doing business during the ensuing year. This tax is graduated and based on the receipts of the preceding year. Under the provisions of Act 145 of 1916, a license is required of the plaintiff for the privilege of doing business during the ensuing three months and it is based on the amount of sulphur mined during the preceding three months. If the plaintiff should desire to avoid payment of this license, it could do so by ceasing to do business. No lien is imposed on the amount of sulphur previously mined, and no direct seizure of the said sulphur is provided for. If not paid, the tax must be collected in the same manner as all other license taxes. This involves a suit in a court of competent general jurisdiction, either by a summary rule or an ordinary suit. In either event there is an appeal to the Supreme Court of Louisiana. Section 20, Act 171 of 1898; New Orleans v. Penn Mutual Life Insurance Co., 106 La. 31, 30 South. 254; State v. Allgeyer, 110 La. 839, 34 South. 798.

Plaintiff relies particularly on the case of Thompson v. McLeod (decided by the Supreme Court of Mississippi) 112 Miss. 383, 73 South. 193. That case arose under the provisions of chapter 110, Laws of Mississippi of 1912. There is a fundamental difference between that act and the act here in question. Under the Mississippi law the tax purports to be levied on the business of extracting turpentine from standing trees, and while the law classes it as a privilege tax, or occupation fee, no license to do business for the ensuing year is provided for, and the tax is collectable by distraint of the turpentine already manufactured. There is no way for the owner of the turpentine to escape the tax. This apparently is what moved the Mississippi

court to declare the law void. Plaintiff urges that it is impossible for it to stop operations without destroying its mine. This is unfortunate, if true, but does not affect the validity of the tax. It seems to me the tax imposed by the Louisiana law can be properly classed as a license tax.

[2] It is urged by plaintiff that, even if classed as a license tax, it is void under the provisions of article 229 of the Constitution of Louisiana. This contention has been disposed of adversely by the Supreme Court of Louisiana in considering the provisions of similar laws. State v. Stiles, 137 La. 540, 68 South. 947; Standard Oil Company v. Police Jury, 140 La. 42, 72 South. 802. While the federal courts are not bound by decisions of the state courts declaring the nature of the taxation (Olcott v. Supervisors, 16 Wall. 678, 21 L. Ed. 382; Choctaw, etc., Railroad Company v. Harrison, 235 U. S. 292, 35 Sup. Ct. 27, 59 L. Ed. 234), they are bound to follow the decisions of the highest court of the state regarding the constitutionality of its statutes under the state Constitution.

[3, 4] The question raised by plaintiff that the tax is void in any event as violating the Constitution of the United States is easily disposed of. It is well settled that the states may classify the property within the state and impose unequal taxation, provided the taxes are uniform on all property in each class, without violating the provisions of the Fourteenth Amendment of the Constitution of the United States. Bell's Gap R. R. v. Penn., 134 U. S. 232, 10 Sup. Ct. 533, 33 L. Ed. 892. That plaintiff is the only person engaged in sulphur mining in Louisiana does not affect the classification.

[5, 6] It appears from the agreed statement of facts that the greater part of the sulphur mined by plaintiff is sold in interstate and foreign commerce. If such is the fact, it may be that the license tax sought to be imposed is in part invalid. Crew-Levick Co. v. Penn., 245 U. S. 292, 38 Sup. Ct. 126, 62 L. Ed. ——, decided by the Supreme Court of the United States December 10, 1917; State v. Allgeyer, 110 La. 839, 34 South. 798. But this question is not raised by the pleadings, and I am not called upon to decide it. Furthermore, with regard to this the plaintiff has an adequate remedy at law, as the tax collector would be required to file a suit to collect the taxes under the state license law.

The bill will be dismissed, without prejudice to any rights of plaintiff arising from the fact that its sulphur is sold in interstate commerce.