155 So. 255

**MATTHEWS et al. v. CONWAY et al.**

No. 32394.

April 23, 1934.

A. Melville Wolfson, Wisdom & Sokolsky, and John Minor Wisdom, all of New Orleans, and Frank B. Ellis, of Covington, for appellants.

Gaston L. Porterie, Atty. Gen., and Lewis L. Morgan, Sp. Asst. to Atty. Gen., for appellees.

O'NIELL, Chief Justice.

The plaintiffs in this case. are twenty-nine men, each engaged in the business of transporting freight as a contract carrier or charter carrier, in motortrucks and trailers or semi-trailers, on the public highways. The suit is brought against E. A. Conway as Secretary of State and ex officio Vehicle Commissioner, and A. P. Tugwell as Chairman of the Louisiana Highway Commission, to enjoin them from collecting the registration fees or license taxes levied by Act No. 20 of 1932. The district judge rejected the plaintiffs' demand, and they have appealed from the decision.

For the purpose of grading the registration fees or license taxes levied by Act No. 20 of 1932, the statute makes a classification of twelve classes of vehicles. The plaintiffs aver that the trucks and trailers or semi-trailers which they own and operate bring them into the fourth class and the seventh class, as defined in section 25 (d) of the act, viz.:

"4. The Fourth Class shall include all motor vehicles owned or operated by any person engaged in the business of carrying or transporting passengers or freight, merchandise or other property as contract or charter carriers or otherwise for hire, charge or compensation, but not as common carriers. * * *

"7. The Seventh Class shall include all trailers and semi-trailers used or owned or

operated by any person engaged in the business of carrying or transporting freight, merchandise or other property as contract or charter carriers or otherwise for hire, charge or compensation but not as common carriers."

The provisions of the law which the plaintiffs contend are unconstitutional are in section 25 (h), and section 26 (d), viz.:

"Section 25. (h) For each vehicle of the Third and Fourth Classes, transporting property only, an annual registration or license tax shall be collected by the Commissioner or through such agency as he may designate in the total of the amounts (1) as fixed in the following schedule, per thousand (1000) pounds net carrying capacity plus (2) the rate per horse power prescribed, plus (3) the additional charges prescribed in Section 26 (d) of this Act, to-wit:

| "Net Carrying Capacity Pounds | Solid Tires | Pneumatic | Rate per Horse Power |
|---|---|---|---|
| Up to and incl. 4,000...... 8.50 | | 6.00 | 68 cents |
| 4,001 to 5,000......19.00 | | 15.00 | 68 cents |
| 5,001 to 6,000......26.00 | | 22.00 | 68 cents |
| 6,001 to 8,000......29.00 | | 26.00 | 68 cents |
| 8,001 to 10,000......33.00 | | 29.00 | 68 cents |
| 10,001 to 12,000......44.00 | | 41.00 | 68 cents |
| 12,001 to 14,000......52.00 | | 50.00 | 68 cents |

"Provided that when a Semi-Trailer is used in connection or in conjunction with any tractor unit, such Semi-Trailer, so used, shall not, for the purposes of this Act, be given capacity credit for or on any license to any such tractor unit. * * *

"Section 26. (d) As partial, related and non-discriminatory compensation for such use of the public roads, highways and bridges of this State, and not for the privilege of

engaging in such business, which is provided for by other laws, for each vehicle in the Third, Fourth, Sixth and Seventh Classes and for each such vehicle in the Eighth Class, respectively, except such vehicles as are regularly and bona fide used in or as a part of an interstate business of transportation by motor carriers, or actually engaged in interstate commerce (which vehicles are hereinafter provided for (Section 26 (e), in addition to the higher basic schedule prescribed for this same reason in paragraph (h) of Section 25, there shall be added, as a part of the annual registration or license tax, which shall be collected by the Commissioner or through such agency as he may designate, a sum equal to one-half (½) of the amount of the tax or fee calculated according to the provisions of Section 25 of this Act, making the total amount of the annual registration or license tax to be paid for such vehicle of those motor carriers so engaged in the business of transporting persons or property for hire, charge or compensation on or over the public roads, highways and bridges of this State, as common carriers or contract or charter carriers, the total amount of the registration or license tax provided for under Section 25 of this Act, plus the highway compensation charge provided for under Section 26 hereof, and the same shall be paid for each vehicle in full for the entire registration period before any such registration shall be afforded or allowed; provided, that at the end of the year or the registration term for which such highway compensation charge is so paid, the person paying the same or the then owner of the vehicle upon which same was so paid who has an assignment of

the rights thereto of the person paying the same, may, by written application, obtain and secure from the Commissioner, who is hereby authorized and directed to make and pay same out of the funds collected under this Act, a refund, the amount of which shall be dependent upon the actual or fairly estimated total mileage operated by such vehicle on, over or upon the public roads, highways and bridges of this State during the period for which such highway compensation charge has been so paid and according to the following schedules:

| "Mileage | Proportion |
|---|---|
| "Up to and including 5,000 Miles | three-fourths (¾) |
| 5,001 to 10,000 Miles | one-half (½) |
| 10,001 to 20,000 Miles | one-third (⅓) |
| 20,001 to 30,000 Miles | one-fourth (¼) |
| Over 30,000 Miles | None." |

The plaintiffs contend that the application of section 25 (h) and section 26 (d) to the vehicles which they use in their business, and to the character of the business, makes the classification of their vehicles and of their business arbitrary and discriminating, unreasonable and oppressive, and violative of the provisions of section 22 of article 6 of the Constitution (as amended, see Act No. 219 of 1928 and No. 3, § 1 of 1930 (Ex Sess.), viz.:

"The Legislature shall impose an annual graded license tax upon all motor vehicles used on the public highways of this State, as follows:

"On automobiles for private use, an annual minimum license tax of Fifteen Dollars ($15.00), to be graded up from this amount based upon weight and horse power, either or both. On trucks or automobiles used in the trans-

portation of passengers or freight, or for the delivery or carrying of goods or merchandise, an annual minimum license tax of Twenty-five Dollars ($25.00), to be graded up from this amount based upon horse power and carrying capacity or weight, any or all," etc.

The plaintiffs contend further that the classification of their vehicles according to section 25 (d) of the act of 1932, and the application of section 25 (h) and section 26 (d) of the act, is so arbitrary, unreasonable, and oppressive as to deny them the equal protection of the law, and to deprive them of their property without due process of law, in violation of the Fourteenth Amendment of the Constitution of the United States, and section 2 of article 1 of the Constitution of this state.

The plaintiffs have submitted their appeal to this court without oral argument and without filing a brief. We would be justified therefore in assuming that the plaintiffs have abandoned their appeal—particularly as the result would be of such great importance if the plaintiffs were right in their contentions.

. It does not appear to us that the classification made in section 25 (d) of the act of 1932 violates section 22 of article 6 of the Constitution as amended. The first class is of passenger automobiles in private use; the second class is of trucks in private use; the third class is of common carrier automobiles and trucks; the fourth class is of passenger automobiles and freight trucks used as contract carriers or charter carriers, or otherwise, for hire, charge or compensation, but not as common carriers; and the

fifth, sixth and seventh classes consist of trailers and semi-trailers. The rate of the license tax on automobiles or trucks used for carrying passengers or freight for hire, or as contract carriers or charter carriers, or as common carriers, is higher than the rate on automobiles or trucks in private use. But there is nothing arbitrary or unreasonable in making that distinction or discrimination. On the contrary, the same distinction is made in section 22 of article 6 of the Constitution as amended. The reason for that is, primarily, that an automobile or a truck in private use is not apt to travel as far or to carry as heavy a load as one used for carrying passengers or freight for hire, or as a common carrier, and, secondly, that one who uses the public highway as a part of the equipment used in his commercial business ought to pay more for such use than for the use which he enjoys in common with all others on the public highways. For a thorough discourse on these reasons for the justness of the discrimination between privately used vehicles and vehicles that are for hire or used as common carriers, we refer to Continental Baking Co. v. Woodring, Governor, 286 U. S. 352, 52 S. Ct. 595, 76 L. Ed. 1155, 81 A. L. R. 1402, and Ed Sproles v. Binford, Sheriff, 286 U. S. 374, 52 S. Ct. 581, 76 L. Ed. 1167.

According to section 25 (e) of the act of 1932, the annual registration or license tax on automobiles in private use is 68 cents per actual horse power, the minimum being $15. According to section 25 (f), the annual registration or license tax on trucks in private use is based upon the fixed schedule, according to the thousand-pounds carrying capacity, plus the 68 cents per horse power.

And, according to section 25 (h) the annual registration or license tax on common carrier automobile transfers and trucks is based upon the fixed schedule, according to thousand-pounds carrying capacity, plus the 68 cents per horse power, and to that sum is added the surcharge required under section 26 (d), being one-half of the amount of the tax required by section 25 (h), not for the privilege of engaging in the business but as compensation for the use of the public roads and bridges, for more than 30,000 miles—the surcharge being subject to a proportionate refund if the distance traveled by the vehicle be 30,000 miles or less during the year. According to the proviso to section 25 (h), the annual registration or license tax for semi-trailers, such as the plaintiffs in this case use in connection with their tractor units, is provided for by their not having capacity credit for or on the license issued to the tractor unit in connection with which the semi-trailer is used.

■■ The statement which we have given of the classification which the statute makes, of the different kinds of vehicles, and their different uses, shows that the discrimination made between the kinds and uses of the vehicles is not arbitrary, but is founded upon sound reason. That is all that is demanded by the equal protection clause—and nothing more could be demanded by the due process clause—of the Fourteenth Amend-

ment of the Constitution of the United States. The case is governed by the simple rule that where a tax affects alike all persons similarly occupied, and all property in the same classification, there is no denial of the equal protection of the law. The method of classification of business occupations, and of property used in business occupations, for the purpose of graduating license taxes, is primarily and peculiarly a matter for the Legislature to determine; and the courts will not interfere with the Legislature's exercise of discretion in that respect if it is based on reason. City of New Orleans v. LeBlanc, 139 La. 113, 71 So. 248; State v. Winehill & Rosenthal, 147 La. 781, 86 So. 181; State v. American Railway Express Co., 159 La. 1001, 106 So. 544; 12 C. J. 1152; 37 C. J. 193; The Delaware Railroad Tax (Minot v. Philadelphia, Wilmington & Baltimore Railroad Co.), 85 U. S. (18 Wall.) 206, 21 L. Ed. 888; Hendrick v. Maryland, 235 U. S. 610, 35 S. Ct. 140, 59 L. Ed. 385; State Board of Tax Commissioners of Indiana v. Jackson, 283 U. S. 527, 51 S. Ct. 540, 75 L. Ed. 1248, 73 A. L. R. 1464; Continental Baking Co. v. Woodring, Governor, 286 U. S. 352, 52 S. Ct. 595, 76 L. Ed. 1155, 81 A. L. R. 1402; Ed Sproles v. Binford, Sheriff, 286 U. S. 374, 52 S. Ct. 581, 76 L. Ed. 1167.

The judgment is affirmed.

ST. PAUL, J., absent.