170 So.2d 654

**CITY OF LAKE CHARLES**

v.

*Allen K. WALLACE.*

No. 47131.

July 1, 1964.

On Rehearing Jan. 18, 1965.

Fred R. Godwin, Lake Charles, for defendant-appellant.

Warren E. Hood, Charles S. Ware, Jr., Lake Charles, for plaintiff-appellee.

SANDERS, Justice.

The question presented in this proceeding is the validity of Ordinance No. 1381 of the

City of Lake Charles, adopted by the City Council on January 24, 1963, imposing a service charge on proprietors of residences and apartment houses to defray the cost of garbage disposal and sanitation.

The City of Lake Charles brought this action in the City Court of Lake Charles against the defendant, Allen K. Wallace, seeking to recover the sum of $10.00, the garbage disposal charge for five months. Wallace admitted the correctness of the amount due under the ordinance, but attacked the validity and constitutionality of the ordinance on various grounds. Assigning written reasons, the City Court of Lake Charles upheld the ordinance and rendered judgment against the defendant as prayed for. The defendant has appealed to this Court.[1]

Defendant's attack upon the ordinance takes various forms. However, the princi-pal grounds are: The City of Lake Charles is without legal authority to impose the charge; the charge is a tax that exceeds the allowable millage under Article XIV, Section 12 of the Louisiana Constitution; the charge cannot be imposed without a vote of the electorate; it is excessive and unreasonable; and it is discriminatory because it does not apply equally and uniformly to all residents.

We find no merit in the attack upon the ordinance. The City Court of Lake Charles, in our opinion, correctly disposed of all contentions.

The assailed ordinance declares the collection and disposal of garbage to be a revenue producing utility and imposes a service charge to defray the expenses of disposal and the maintenance of sanitation.[2]

■■ Such an ordinance is clearly authorized without a vote of the electorate. LSA–

1. Art. VII, Section 10(1), Louisiana Constitution, LSA.

2. "WHEREAS, is order to promote the health and welfare of the citizens of the City of Lake Charles, it is necessary to provide for the collection and disposal of garbage, trash and other refuse, and to provide for the maintenance of general cleanliness and sanitation of the City, and

"WHEREAS, it is no longer possible to provide these services without cost or charge, and

"WHEREAS, the City in the exercise of its police powers, deems it necessary to levy a service charge to defray the cost of the collection and disposal of garbage, trash and other refuse, and the cost of the maintenance of the general cleanliness and sanitation of the City:

"NOW, THEREFORE, BE IT ORDAINED BY THE CITY COUNCIL OF THE CITY OF LAKE CHARLES, LOUISIANA, in Special Session convened that:

"SECTION 1: The Code of the City of Lake Charles, 1956, is hereby amended by adding Section 11–19.1 to 11–19.5 inclusive, to Chapter 11, which additional sections shall provide as follows:

"Section 11–19.1

"The furnishing by the City of the service of collection and disposal of garbage, trash and other refuse is hereby declared to be a revenue producing public utility.

"Section 11–19.2

"In order to provide for the health and

R.S. 33:4161 defines "revenue producing public utility" to include garbage disposal and "other like services." Garbage disposal, of course, includes its collection. LSA–R.S. 33:4163 further provides:

> "The municipal corporation, parish, political subdivision, or taxing district may sell and distribute the commodity or service of the public utility within or without its corporate limits and may establish rates, rules, and regulations with respect to the sale and distribution."

■ Relating as it does to the public health and welfare, the disposal of garbage is within the police powers of the City.[3]

■ The service charge is not a tax within the millage limitations of the constitution.[4] We had occasion to consider the nature of a fee to cover the cost of laundry inspection in City of New Orleans v. Hop Lee, 104 La. 601, 29 So. 214. There we stated:

> welfare of the citizens of the City of Lake Charles, there is hereby levied a service charge to defray the expenses of the collection and disposal of garbage, trash and other refuse, and the expenses of the maintenance of the general cleanliness and sanitation of the City, to be assessed and collected monthly, as follows:
> "(a) Upon each proprietor of a residence ...........$2.00
> "(b) Upon each proprietor of an apartment house ......$2.00 per apartment
> "Section 11–19.3

"It is neither a tax nor the imposition of a license for revenue purposes."

See also Oubre v. City of Donaldsonville, 167 La. 625, 120 So. 30.

■ The defendant asserts that the charge is excessive, that it produces more revenue than is required to defray the cost of the sanitation program, and that the funds collected have been used for other services. After a review of the audits and testimony, the court below found no factual basis for this contention. The finding, in our opinion, is correct.

■ To establish lack of uniformity, the defendant attempted to show that the City did not collect the charge from indigent persons. We find no merit in this attack. The ordinance exempts no proprietor because of indigence. It applies uniformly to all proprietors of residences and apartment houses.

■ We find no infirmity in the ordinance. Hence, we sustain it.

> "For the purposes of this Section, the word "apartment" shall be construed to mean a living or residential unit containing usual and ordinary kitchen facilities."

3. Rhyne, Municipal Law (1957), § 26–60, p. 626; 37 Am.Jur., Municipal Corporations, § 299, p. 946; Annotation, 15 A.L.R. 287, 292.

4. Art. XIV, Section 12, Louisiana Constitution; Oubre v. City of Donaldsonville, 167 La. 625, 120 So. 30; City of New Orleans v. Hop Lee, 104 La. 601, 29 So. 214; 51 Am.Jur., Taxation, § 16, pp. 48–49; 7 McQuillin, Municipal Corporations (3rd ed.), § 24.250, pp. 89–90.

For the reasons assigned, the judgment of the City Court of Lake Charles is affirmed.

## ON REHEARING

HAMLIN, Justice:

Rehearing was granted in this matter in order that we might reconsider the contested validity of Ordinance No. 1381 of the City of Lake Charles, which is set out in part in Footnote 2 of our original opinion. On original hearing, we affirmed the judgment of the trial court which sustained the validity of the ordinance.

In his supplemental and amending answer to plaintiff's demand for $10.00, garbage disposal charge for five months, defendant denied that he owed any indebtedness to the City of Lake Charles based upon the following averred questions as to the legality and constitutionality of said Ordinance No. 1381:

(a) There is no authority in the Charter of the City of Lake Charles, the Revised

Statutes, or the Constitution for the levy of the instant charge.

(b) The ordinance circumvents the maximum allowable millage which may be assessed by the City of Lake Charles under the provisions of Art. XIV, Sec. 12, La. Const., LSA, and LSA–R.S. 33:2801.[1]

(c) Ordinance No. 1381 purports to levy a "service charge" for garbage collection and disposal which is tantamount to a special tax and as a special tax cannot be levied without a majority vote of the electorate. Art. X, Sec. 5, Sec. 10, La.Const., Art. XIV, Sec. 19, La.Const., LSA–R.S. 33:501 et seq. and 33:781.[2]

(d) Ordinance No. 1381 is not valid as an exercise of the police power of municipalities in general or Lake Charles in particular as provided in Art. XIV, Sec. 40(d); LSA–R.S. 33:4751–33:4875 and other applicable portions of the Louisiana Constitution and Revised Statutes, and Art. I, Secs. 1–04 of the Charter and other applicable provisions of the Charter.[3]

---

1. "Except as otherwise provided in this Constitution, no municipal tax, for all purposes whatsoever, shall exceed, in any one year, seven mills on the dollar of assessed valuation; * * *" Art. XIV, Sec. 12, La.Const.

   "Municipal corporations * * * may levy annual taxes not to exceed in any one year seven mills on the dollar of the assessed valuation of taxable property within their respective territorial limits, to defray the expenses of municipal government and for general municipal and local purposes, strictly public in their nature." LSA–R.S. 33:2801.

2. "Parochial and municipal corporations and public boards may exercise the power of taxation, subject to such limitations as may be elsewhere provided in this Constitution, under authority granted to them by the Legislature for parish, municipal and local purposes, strictly public in their nature. * * *" Art. X, Sec. 5, La.Const.

   Art. X, Sec. 10, La.Const. sets forth limitations on the taxing power of political subdivisions.

3. "The provisions of this constitution and of any general laws passed by the legislature shall be paramount and no mu-

(e) Assuming that garbage collection and disposal is a revenue producing utility, Ordinance No. 1381 is invalid because it does not comply with the following constitutional methods implemented by legislation for a municipality to acquire, extend, improve, operate, or maintain such utility:

1. Art. X, Sec. 10, La.Const. which requires a vote of the proper electorate and includes "incinerators" but not garbage collection or disposal.

2. Art. XIV, Sec. 19, La.Const. implemented by the Revised Statutes, Title 39:701 through 706 which requires a majority vote of the proper electorate and makes no mention of "garbage collection and/or disposal."

3. Art. XIV, Sec. 14, La.Const., implemented by Revised Statutes, Title 33:4161 et seq., which outlines the method by which municipalities may own and operate and maintain a revenue producing utility including

garbage disposal but not collection, and further provides how a municipality acquires, extends or improves such utility by bond financing after a vote of the majority of the proper electorate.

(f) Alternatively, should LSA–R.S. 33:-4161 et seq. be construed to authorize a municipality to levy a garbage tax or service charge for garbage collection and disposal without a vote of a majority of the proper electorate, then the statutes authorizing such charge are unconstitutional and go beyond the authority of Art. XIV, Sec. 14, La.Const.

(g) Further alternatively, Ordinance No. 1381 is invalid for the following reasons:

1. It does not apply equally and uniformly to all residents of the City of Lake Charles and discriminates against defendant and all other persons of the resident class as distinguished from the commercial class

---

nicipality shall exercise any power or authority which is inconsistent or in conflict therewith. Subject to the foregoing restrictions every municipality shall have, in addition to the powers expressly conferred upon it, the additional right and authority to adopt and enforce local police, sanitary and similar regulations, and to do and perform all other acts pertaining to its local affairs, property and government which are necessary or proper in the legitimate exercise of its corporate powers and municipal functions." Art. XIV, Sec. 40(d), La.Const.

"The city shall have all of the powers, rights, privileges, immunities and au-

thority granted to the City of Lake Charles by the Constitution and laws of the state not inconsistent with this charter and shall also have, expressly or impliedly, all right and authority to adopt and enforce local police, sanitary and similar regulations, and to do and perform all other acts pertaining to its local affairs, property and government which are necessary or proper in the legitimate exercise of its corporate powers and municipal functions." Art. 1, Sec. 1–04, Charter of the City of Lake Charles.

because no levy is made in the Ordinance against commercial establishments and the City of Lake Charles is presently collecting and has been disposing of garbage from commercial establishments in the City of Lake Charles at a loss in dollars.

2. It does not and is not being applied equally and uniformly to all residents of the City of Lake Charles and discriminates against defendant because Ordinance No. 1381 has not been and is not being and will not be enforced against indigent residents and specifically those persons termed "welfare clients" of the Louisiana State and/or Calcasieu Parish Welfare Department who number approximately 1,000 in the City of Lake Charles.

3. If it is otherwise valid, then it is further invalid as a "service charge" for the sale of a service which, because of its involuntary nature, it not a free sale in that the charge is levied whether defendant wants the service or not and in fact, defendant cannot dispose of his own garbage and thus refuse the service because of the prohibition in Section 11–16 of the Lake Charles City Code * *

(h) Further alternatively, Ordinance No. 1381 violates Art. I, Sec. 2, La.Const., and the 14th Amendment to the Constitution of the United States, Sec. 1, by depriving defendant of property without due process of law and denying him equal protection of the laws.

Neither the trial court nor this Court on original hearing accorded any weight to the above contentions advanced by defendant. A consideration of defendant's application for rehearing, which more or less presents the same contentions supra, discloses no error in our original findings. However, in this opinion on rehearing, we have decided to extend the discussion of defendant's arguments.

■ Art. XIX, Sec. 18, La.Const. of 1921, provides that the police power of the State shall never be abridged. "That does not mean that the police power of the state shall not be delegated to an administrative board or commission, or to a municipality or other political corporation." State v. City of New Orleans, 151 La. 24, 91 So. 533. "Police power, according to its generally accepted definition, encompasses the protection of lives, health and property of citizens and the preservation of good order and public morals. * * * It is a power inherent in every sovereignty to govern men and things; and thereunder the Legislature may, within Constitutional limits, prescribe regulations for the promotion of the public health, morals and general welfare. * * *" Fernandez v. Alford, 203 La. 111, 13 So.2d 483.

The Charter of the City of Lake Charles sets forth that, "The municipal government provided by this charter shall be known as the mayor-council form of government." Art. I, Sec. 1–02. In Sec. 1–04 of Art. I, the City is granted the power to adopt and enforce local police, sanitary and similar regulations. Art. II, Sec. 2–01, states that the council shall be the governing authority of the City for purposes of legislation and policy-making.

"Garbage" is defined in Webster's New World Dictionary, College Edition, as, "1. waste parts of food, as from a market or kitchen; animal or vegetable matter that is thrown away."

"It is within the police power of municipal corporations to control and regulate the manner of collection, removal, and disposition of garbage, refuse, or filth, under the rules relating to municipal police power over nuisances and its power to legislate for the protection of the health or safety or welfare of its inhabitants, and it is the duty of the municipality to do so. It may properly provide a penalty for violation of such regulations. The fact that the waste matter has a disposal value does not prevent the municipality from assuming control of it. It may authorize private persons to dispose of their own garbage under reasonable regulations. It may require owners to care for or remove garbage, offal, and filth, or to deposit it in a prescribed manner at stated times and places for removal; and it may prescribe the times and mode of removal and disposition. The power includes the authority to create and use necessary means to effect or accomplish the purpose. Throwing garbage in the public streets may be prohibited.

"The municipal corporation may collect, remove, and dispose of garbage, refuse, and filth, and may provide that it shall have the exclusive right to do so. However, it may also provide by contract for its collection, removal, and disposition, as discussed infra § 980, and impose the cost thereof on the owner. * * *" 62 C.J.S. Municipal Corporations § 265, p. 617.

"In the interest of public health the legislature has the right to regulate the collection, removal, and disposal of garbage, refuse, filth * * * waste foodstuffs, and other waste, noxious, and unwholesome substances; * * * Regulations and actions of local health authorities respecting the collection and disposal of such substances will be upheld in the absence of a showing that they are arbitrary or capricious; but they must not be of such a nature as to exceed the power conferred on such authorities by statute." 39 C.J.S. Health § 28, p. 854. See also, 37 Am. Jur. Municipal Corporations Sec. 299,

p. 946; McQuillin, the Law of Municipal Corporations, 3rd Ed., Sec. 24:250, pp. 89–90.

■ We find that it was within the police power of the City Council of the City of Lake Charles to pass an ordinance providing for the collection and disposal of garbage (disposal certainly includes collection); such an ordinance definitely provides for the health, welfare, and safety of the community. See, Art. XIV, Sec. 40(d), La.Const. of 1921. As stated in our original opinion, "Such an ordinance is clearly authorized without a vote of the electorate." See, City of Glendale v. Trondsen, 48 Cal.2d 93, 308 P.2d 1; Marangi Bros. v. Board of Commissioners, Etc., 33 N.J.Super. 294, 110 A.2d 131.

"The police power, as generally defined, extends to the protection of the lives, health, and property of the citizens, and to the preservation of good order and the public morals. The entire property and business within the local jurisdiction of the several states is within its control. The pursuit of any lawful trade or business may be subjected to reasonable regulations under the police power of the state, for the protection of the public health or safety, and the courts will interfere with the action of the local legislative authority only when it is plain and palpable that such action has no real or substantial relation to the public health, or safety, or to the general welfare. * * *" City of New Orleans v. Schick, 167 La. 674, 120 So. 47.

LSA–R.S. 33:4161 provides, "For the purposes of this Part, 'revenue producing public utility' means any revenue producing business or organization which regularly supplies the public with a commodity or service, including * * * garbage disposal * * *." LSA–R.S. 33:4163 further provides that, "The municipal corporation * * * may sell and distribute the commodity or service of the public utility within or without its corporate limits and may establish rates, rules, and regulations with respect to the sale and distribution."

"A state or one of its subdivisions frequently receives income from sources other than taxation, so that all forms of public revenue cannot with accuracy be called taxes. Thus, a city or town is frequently authorized to furnish some form of public service for profit, or at least for compensation. Such charges are not in any just sense taxes. Thus, it is well settled that the charges made upon consumers by municipal waterworks are not taxes, but merely the price paid for commodity sold. Nor may the following exactions be regarded as taxes: * * * a fee charged for * * * removing garbage. * * *" 51 Am.Jur. Taxation, Sec. 16, p. 48–49.

" * * * Because the city charges a fee, and it may be hence argued that some incidental revenue would come to the municipality does not convert the ordinance into a revenue measure. * * * Collection and disposal of refuse gathered by the city resulting in some small incidental revenue creates no municipal liability. * * * " Glass v. City of Fresno, 17 Cal.App.2d 555, 62 P.2d 765. See, City of Glendale v. Trondsen, 48 Cal.2d 93, 308 P.2d 1; Louisville & Jefferson County Metropolitan Sewer Dist. v. J. E. Seagram & Sons, 307 Ky. 413, 211 S.W.2d 122, 4 A.L.R.2d 588. Cf. Citizens' Ins. Co. v. Hebert, 139 La. 708, 71 So. 955; City of Los Angeles v. Offner, 55 Cal.2d 103, 10 Cal.Rptr. 470, 358 P.2d 926. Walker v. Jameson, 140 Ind. 591, 37 N.E. 402, 39 N.E. 869, 28 L.R.A. 679.

"City, having authority to provide for inspection of places where fresh meats were sold in accordance with Act No. 136 of 1898, § 15, par. 3, had right to charge a fee for such inspection without express legislative authority, in that right to make inspection carried with it by necessary implication the right to charge cost thereof to business inspected." Syllabus, Oubre v. City of Donaldsonville, 167 La. 625, 120 So. 30.

We do not find that the instant charge assessed for the collection and disposal of garbage is a tax; it is a service charge. The fact that revenue was received from the collection of such service charge levied under the police power of the city (the tax was upon occupants, not upon property) does not ipso facto convert the ordinance into a tax measure. As stated supra, we find that no vote of the electorate was required for the enactment of Ordinance No. 1381. We also conclude that it is not necessary for said ordinance to conform to the millage provisions of the Constitution and the Revised Statutes.

We now approach defendant's contentions that Ordinance No. 1381 is invalid because of its discriminatory provisions, and that it is invalid as applied to him because of the discriminatory administration of the ordinance by the City of Lake Charles.

Ordinance No. 1381 makes no provision for the collection and disposal of the garbage of commercial establishments; the ordinance levies no charge against such establishments. The testimony of record reflects that the City of Lake Charles engages private contractors to collect the garbage of commercial establishments and provides for payment by arrangements dissimilar to those employed under the instant ordinance. As stated supra, defendant contends that the provisions of the ordinance are not equal and uniform and discriminate-

against him and all other persons of the resident class as distinguished from the commercial class.

■ We find no merit in defendant's contention. It is a settled principle of constitutional law that all that is demanded by the equal protection clause of the Fourteenth Amendment to the Constitution of the United States is that a charge (tax) affect alike all persons similarly occupied and all property in the same classification. The method of classification is primarily and peculiarly a matter for the legislating body to determine; the courts will not interfere with the body's exercise of discretion if it is based on reason. Matthews v. Conway, 179 La. 875, 155 So. 255; Union Sulphur Co. v. Reed, D.C., 249 F. 172.

"Due process of law and the equal protection of the law are had when the laws affect alike all persons similarly situated. * * *" Scott v. City of West Monroe, La.App., 95 So.2d 343. See, Arkansas Fuel Oil Corp. v. Fontenot, 225 La. 166, 72 So.2d 465, appeal dismissed, 348 U.S. 804, 75 S.Ct. 46, 99 L.Ed. 635.

We conclude that the action of the City Council of the City of Lake Charles was based on reason; the action was not arbitrary or capricious. The City Council acted in a non-discriminatory manner. Only residents are subject to the charge; there is no particular inclusion nor exclusion of

any particular resident or group of residents, and there is no variation in the amount charged to any resident or group of residents. Therefore, Ordinance No. 1381 neither violates the Constitution of the United States nor the Constitution of the State of Louisiana.

As stated supra, defendant contends that Ordinance No. 1381 has not been and will not be enforced against indigent residents of the City of Lake Charles, especially welfare clients. Defendant argues that this lack of enforcement brings about the invalidity of the ordinance.

We have read the testimony of record and find that there are about 2,000 grants for relief within the City of Lake Charles. The recipients of welfare receive their grants in their entirety; no deductions are made for garbage collection and disposal. A number of persons on welfare do not pay their bills assessed under Ordinance No. 1381; the record reflects that they are no longer billed. The record does reflect, however, that the administrators of Ordinance No. 1381 are aware of the circumstances and have been negotiating with the Welfare Officials for a plan to correct the condition. The record affirmatively discloses that the policy of the administrators of Ordinance No. 1381 is not to indefinitely exclude welfare clients from the payment of the charge assessed by the ordinance.

We find that the method of collection of the charge imposed by Ordinance No.

1381 is an administrative matter; we find no unconstitutional unfairness nor unjustness. As to taxes, it has been held that, "The want of uniformity in taxation, to make a tax statute unconstitutional, must be the direct result of the statute itself, and not merely the result of the method of administering it." State v. Cedar Grove Refining Co., 178 La. 810, 152 So. 531. There is no merit in the instant contention advanced by defendant.

Defendant further contends that Ordinance No. 1381 is invalid because of its compulsory nature in that it is not a free sale of a service; he claims that one does not have the privilege of declining this service.

Arthur Burch, Finance Director for the City of Lake Charles, testified in effect that if a person wished to decline the garbage collection and disposal service because he had a garbage disposal unit and did not need the service, the charge would not be billed to him when his non-use was cleared with the City; that there had been instances where the City refunded money. He stated that some people say that they

work and do not cook nor eat in their apartments and consequently have no garbage; that the City investigates these matters, and if the service is not used, the people are not billed. However, anyone who has garbage must use the City's service and pay the $2.00 charge.

We do not find the City's action unreasonable, because it leaps to the mind that indiscriminate removal or disposal of garbage by citizens of a city composed of 63,392 souls could and would have a serious and adverse effect upon the health, safety, and welfare of all citizens. Defendant's contention is without merit.

We do not find that any of defendant's constitutional rights have been violated, nor do we find that he has been deprived of either due process of law or equal protection of the law. We conclude that Ordinance No. 1381 of the City of Lake Charles is constitutional and has been constitutionally applied to defendant.

For the reasons assigned, our original decree is reinstated and made the judgment of this Court. All costs to be paid by defendant.