Dear Mr. Landry:
Your request for an Attorney General's Opinion has been assigned to me for research and reply. On behalf of the St. Bernard Parish Council, you have asked for our opinion as to whether two proposed ordinances should be subject to a vote of the people. You have asked for us to address this question in light of the St. Bernard Parish Home Rule Charter and two previously issued Attorney General Opinions.
In Attorney General Opinion No. 06-0164, we were asked if it was permissible to suspend a provision of the St. Bernard Parish Home Rule Charter that required all proposals to levy fees and charges be approved by the voters of St. Bernard Parish. Our answer was no. We believed that although Section 2-14 of the St. Bernard Parish Home Rule Charter allowed the council to adopt emergency ordinances, Section 2-14 did not allow the St. Bernard Parish Council to suspend the provision which required voter approval to levy fees and charges. In summary, we opined that the provisions of the Home Rule Charter must be followed to levy fees and charges and the voters must approve any fees and charges.
In Attorney General Opinion No. 06-0164-A, we were asked how the St. Bernard Parish Home Rule Charter (Sections 2-17(d) and 2-11(a)(7)) should be interpreted with regard to council authority in regulating fees. There, we recognized that Section 2-17(d) and (e) dealt with the parish's taxing power and raising revenue as the primary purpose, while Section 2-11(a)(7) dealt with the parish's police power and implementing fees to offset the cost of government services.
We ultimately opined that when following the applicable Sections of the St. Bernard Parish Home Rule Charter (Sections 2-17(d) and 2-17(e)) and the state statute found in the Louisiana Election Code (LSA-R.S.18:1284), the implementation of a tax must be approved by the voters and a resolution for the tax must be approved by two-thirds (2/3) of the total council before the proposal can be placed on a ballot for voter approval. In *Page 2 
contrast, the regulation of a fee, rate, or other charge for service can be accomplished by the adoption of an ordinance by the council.
Taking all of this into consideration, in order to answer the current question presented, i.e., whether either of the two proposed ordinances should be subject to a vote of the people, we must first determine if the ordinances in question impose either a "tax" or a "fee".
If either of the two ordinances in question imposes a tax, the question of its imposition must be presented to the voters before it is levied.[1]
Furthermore, pursuant to Attorney General Opinion No. 06-0164-A, a resolution for the tax must be approved by two-thirds (2/3) of the total council before the proposal can be placed on a ballot for voter approval. On the other hand, if either of the two ordinances in question imposes a fee, the fee can be implemented without voter approval and pursuant to Attorney General Opinion No. 06-0164-A, by merely adopting an ordinance.
The Louisiana Supreme Court in Audubon Insurance Company v. Bernard,434 So.2d 1072 (La. 1983) set forth the framework for determining if a charge imposes a fee or a tax. The Court stated the following:
 It is well settled generally and in Louisiana that not every imposition of a charge or fee by the government constitutes a demand for money under its power to tax. If the imposition has not for its principal object the raising of revenue, but is merely incidental to the making of rules and regulations to promote public order, individual liberty and general welfare, it is an exercise of the police power. (citations omitted) In similar fashion, the police power may be exercised to charge fees to persons receiving grants or benefits not shared by other members of society. (citations omitted) But if revenue is the primary purpose for an assessment and regulation is merely incidental, or if the imposition clearly and materially exceeds the cost of regulation or conferring special benefits upon those assessed, the imposition is a tax. (citations omitted)
Similarly, in Safety Net For Abused Persons v. Segura, 96-1978 (La. 4/8/97), 692 So.2d 1038, the Louisiana Supreme Court stated:
 The nature of a charge is determined not by its title, but by its incidents, attributes and operational effect. Thus, the nature of a charge must be determined by its substance and realities, not its form . . . *Page 3 
 A charge that has as its primary purpose the raising of revenue, as opposed to the regulation of public order, is a tax. Moreover, a tax is a charge that is unrelated to or materially exceeds the special benefits conferred upon those assessed.
On numerous occasions, our office has applied this analysis in determining whether a proposed service charge is properly classified as a fee or a tax.
For example, in Attorney General Opinion No. 04-0381 we opined that a documentary transaction tax or immovable property transaction fee imposed as "a means of defraying the cost of providing general parochial services to the citizens of Livingston Parish, such as police and fire protection, infrastructure, etc." was a tax, because its primary purpose was to raise parish revenues.
In Attorney General Opinion No. 07-0024, we opined that the pro-rata fee contemplated by the Town of Abita Springs was properly classified as a fee and not a tax. The primary purpose of the pro-rata fee appeared to be a reasonable and commensurate charge for the actual cost of service rendered directly on behalf of future utility users. The Town indicated that the fees would be used specifically to offset actual costs of providing services to future utility users. The funds received from the pro-rata fee were to be used exclusively to provide a direct benefit to the persons who were charged the fee.
Turning now to the question at hand, the first of the two ordinances at issue proposes to adjust the garbage collection service fee imposed by St. Bernard Parish to $20 per month. Ordinance SBPC #892-08-08 provides, in part, the following:
 There is hereby levied, for the purpose of financing the collection and disposal of residential garbage and trash, a service charge upon all residential units and commercial units in St. Bernard Parish, as permitted in Louisiana Revised Statutes 33:4169.1 (A) and (B). The charge shall be at a rate of twenty dollars ($20) per housing unit and commercial unit per month of service. The user fee shall become effective September 1, 2008 and shall be billed beginning with the October 2008 billing cycle of the St. Bernard Parish Water 
Sewer Department. Such billing shall continue on a monthly basis until December 31, 2009.
The stated purpose of Ordinance SBPC #892-08-08 is financing the collection and disposal of residential garbage and trash. The ordinance makes specific reference to La.Rev.Stat. 33:4169.1 (A) and (B) as authority for levying such a service charge.
La.Rev.Stat. 33:4169.1 provides the following: *Page 4 
 § 4169.1 Municipal and parish authority over collection and disposal of garbage and trash; franchising, permitting, and licensing; assessment and collection of service charge
 A. The governing authority of every parish or municipality shall have the following powers:
 1) To engage in the collection and disposal of garbage and trash within its jurisdiction in cooperation with, or to the exclusion of, other garbage and trash collectors.
 (2) To grant permits, licenses, exclusive or nonexclusive franchises, or any combination thereof to garbage and trash collectors and disposers. Any exclusive franchise shall be granted only after advertising for bids, reception of bids, and awarding of the contract or contracts in accordance with the public bid laws of the state and other provisions of law.
 (3) To enter into time contracts for the collection and transportation of garbage or trash for a term of up to ten years, and for disposal of garbage or trash for a term of up to twenty-five years.
 (4) To assess a service charge against any person provided any service pursuant to Paragraphs (1) or (2). However, in the parishes of Lafourche, Vermilion, Rapides, and Washington, such charge shall be imposed only after the question of its imposition has been submitted to the qualified electors of the parish at an election to be conducted in accordance with the general election laws of the state, and a majority of those voting in the election shall have voted in favor of the imposition of the charge.
The plain language of La.Rev.Stat. 33:4169.1 (A) allows the governing authority of every parish or municipality to assess a service charge against any person who receives garbage and trash collection and disposal service as defined in La.Rev.Stat. 33:4169.1 (A)(1)(2). The statute also provides that for certain parishes, the charge shall only be imposed after the question of its imposition has been submitted to the qualified electors of the parish. However, the statute does not include St. Bernard Parish as one of those parishes.
Based on the specific language of the statute and the information currently available to our office, it is the opinion of this office that the Legislature has specifically granted the authority for the imposition of a special fee, characterized as a monthly garbage and trash collection and disposal service charge, to the governing authority of every parish or municipality without voter approval, except in those four (4) parishes specifically named in the statute. *Page 5 
In connection with your request, representatives from St. Bernard Parish have provided information related to the actual costs of providing garbage and trash collection and disposal services to the residents of St. Bernard Parish. It is our understanding that the proposed $20 garbage and trash service charge does not materially exceed the cost of regulation or providing the indicated services. Further, it appears that the proposed $20 fee is commensurate with the benefits conferred or actual services rendered.[2]
Accordingly, it is the opinion of this office that the proposed monthly $20 garbage and trash collection and disposal service charge contemplated by Ordinance SBPC #892-08-08 comports with the spirit and intent of La.Rev.Stat. 33:4169.1 (A) and is properly classified as a "fee". Accordingly, it can be implemented by the adoption of an ordinance.
The second ordinance in question proposes to establish a mosquito control service fee of $1 per month. Ordinance SBPC #893-08-08 provides, in part, the following:
 There is hereby levied, for the purpose of financing mosquito control, a service charge upon all residential units and commercial units in St. Bernard Parish, as permitted in the St. Bernard Parish Home Rule Charter Section 2-11. A.3. The charge shall be at a rate of $1 per housing unit and commercial unit per month of service. The user fee shall become effective September 1, 2008 and shall be billed beginning with the October, 2008 billing cycle of the St. Bernard Parish Water Sewer Department. Such billing shall continue on a monthly basis until such fee is amended by the St. Bernard Parish Council or said fee exceeds the costs incurred by St. Bernard Parish Government for providing mosquito control.
The stated purpose of Ordinance SBPC #893-08-08 is financing mosquito control. Ordinance SBPC #893-08-08 fails to cite any statutory authority for levying the proposed mosquito control service fee, but instead cites St. Bernard Parish Home Rule Charter Section 2-11 (A) (3) as authority.
St. Bernard Parish Home Rule Charter Section 2-11 (A) provides, in part, the following:
 Sec. 2-11. Action requiring an ordinance. *Page 6 
 (a) An act of the council having the force of law shall be by ordinance. An act requiring an ordinance shall include but not be limited to those which:
 (1) Adopt or amend an administrative code;
 (2) Provide a fine or other penalty or establish a rule or regulation for violation of which a fine or other penalty may be imposed;
 (3) Levy taxes or assessments as provided by law in accordance with section 2-17;
 (4) Appropriate funds and/or adopt the operating budget and capital budget for the parish government;
 (5) Grant, renew, or extend a franchise;
 (6) Provide for raising revenue;
 (7) Regulate the rate or other charges for service by the parish government;[3] It is our understanding that the contemplated mosquito service charge would be assessed indiscriminately and would not be specifically targeted to a group of individuals. The fee would be assessed across the board on a per housing unit and per commercial unit basis, and mosquito abatement services would be rendered throughout the parish. The fee will continue to be assessed on a monthly basis until such fee is amended, or exceeds the costs incurred by St. Bernard Parish in providing mosquito control.
As before, in connection with your request representatives from St. Bernard Parish have provided information related to the actual costs of providing mosquito abatement to the residents of St. Bernard Parish, to wit: a copy of the 2009 proposed budget worksheet for the St. Bernard Parish Mosquito Control Program. Representatives from St. Bernard Parish contend that the actual costs of providing mosquito abatement services to the residents of St. Bernard parish considerably exceeds the potential revenues generated by the proposed $1 mosquito control service fee. Thus, the proposed $1 mosquito control service fee does not materially exceed the cost of regulation or providing the indicated services. On the contrary, the principal object of the proposed $1 mosquito control service fee is to promote public safety and the general welfare of the residents of St. Bernard Parish. *Page 7 
 Based upon these assumptions, we are of the opinion that the proposed monthly $1 mosquito control service fee contemplated by Ordinance SBPC #893-08-08 is properly classified as a "fee". Accordingly, it can be implemented by the adoption of an ordinance.
 We trust this adequately responds to your request. If you should have any questions about the response contained herein, please feel free to contact our office.
Yours very truly,
 JAMES D. "BUDDY" CALDWELL ATTORNEY GENERAL
 BY: __________________________ MICHAEL J. VALLAN Assistant Attorney General
 JDC/MJV/crt
[1] Louisiana Constitution Article VI, Section 30 provides that a "political subdivision may exercise the power of taxation, subject to limitations elsewhere provided by this constitution, under authority granted by the legislature for parish, municipal and other local purposes, strictly public in their nature . . ." Louisiana Constitution Article VI, Section 32 provides, ". . . a political subdivision may levy special taxes when authorized by a majority of the electors in the political subdivision who vote thereon in an election held for that purpose".
[2] On prior occasions, Louisiana courts have acknowledged that the fact that an assessment or service fee may generate incidental revenue does not necessarily make it a tax. See City of Lake Charles v. Wallace,170 So.2d 654, 660 (1964), citing Glass v. City of Fresno, 62 P.2d 765 (1936). In fact, the courts have recognized that some assessments are authorized by statute to provide for the health, welfare and safety of the public, such as assessments for garbage collection. See City of LakeCharles v. Wallace, 170 So.2d 654 (1964). Such charges are not taxes but the price paid for the commodity sold. Id. citing 51 Am.Jur. Taxation, § 16, pp. 48-49.
[3] Our previous reading of Section 2-11 (a) (7) indicated that it could be argued that this section allowed the council to regulate rates or other charges for service by adopting an ordinance.