170 So. 23

STATE v. ARTHUR DUVIC'S SONS.

No. 33701.

June 30, 1936.

Rehearing Denied Oct. 6, 1936.

Charles J. Rivet, of New Orleans, for the State.

McCloskey & Benedict and James H. Kepper, Jr., all of New Orleans, for appellee.

BRUNOT, Justice.

The copartnership of Arthur Duvic's Sons, which is composed of five brothers, was ruled into court to show cause why the copartnership, and its members, should not be condemned, in solido, to pay to the state $100 per annum for the years 1933 and 1934, together with 2 per cent. per month on $100 from March 1, 1933, and 2 per cent. per month on $100 from March 1, 1934, together with 10 per cent. attorney's fees on both principal and interest, and why the first lien and privilege of the state upon all of the property of the copartnership should not be recognized and enforced.

For answer, Arthur Duvic's Sons does not deny that it was engaged in selling fire extinguishers during 1933 and 1934, but it denies liability therefor, on the plea of the unconstitutionality of section 38 of Act No. 190 of 1932, under which the tax sued for is levied.

It is alleged that section 38 of said act violates section 8 of article 10 of the Constitution of 1921, and sections 2 and 15 of article 1 of said Constitution, and that it also violates section 1 of the Fourteenth Amendment of the Constitution of the United States. The First city court of New Orleans heard the case and, without assigning written reasons therefor, rendered the following judgment:

"When, after hearing the law and evidence, and argument of counsel, the court considering the law and evidence to be in favor of defendant and against the plaintiff, for the reasons orally assigned:

"It is ordered, adjudged and decreed, that the plea of unconstitutionality of section 38 of Act No. 190 of 1932, to be good in law, and accordingly, that there be judgment in favor of Arthur Duvic's Sons, defendant herein, and against Alice Lee Grosjean, Supervisor of Public Accounts, plaintiff·herein, decreeing that Section 38 of Act No. 190 of 1932, to be unconstitutional, null and void, and dismissing plaintiff's suit at the costs of plaintiff herein."

The state appealed from the judgment, and the case has been briefed and argued before us, and submitted for decision.

Section 38 of Act No. 190 of 1932 is as follows:

"Any person, firm, corporation or association of persons engaged in the sale of any fire engine, equipment, apparatus or supplies, or any and all kinds of fire extinguishers, shall pay an annual license tax of $100.00 for each and every place of business in this State."

Respecting the tax levied under section 38 of Act No. 190 of 1932, the Constitution of 1921, in section 8 of article 10 thereof, contains the following provision, viz.:

"Such license taxes may be classified, graduated or progressive."

■ The quoted provision of the Constitution is not compulsory, but permissive. The authorities cited by Arthur Duvic's Sons, which hold that the word "may" is mandatory whenever a power is given to a public body, have no application to this case, for the simple reason that the legislative power of taxation is unlimited, except where the Constitution expressly limits its exercise.

■ In the case of State Board of Tax Com'rs. of Indiana v. Jackson, 283 U.S. 527, 51 S.Ct. 540, 543, 75 L.Ed. 1248, 73 A.L.R. 1464, the United States Supreme Court said:

"The power of taxation is fundamental to the very existence of the government of the states. The restriction that it shall not be so exercised as to deny to any the equal protection of the laws does not compel the adoption of an iron rule of equal taxation, nor prevent variety of differences in taxation, or discretion in the selection of subjects, or the classification for taxation of properties, businesses, trades, callings, or occupations. * * * The fact that a statute discriminates in favor of a certain class does not make it arbitrary, if the discrimination is founded upon a reasonable distinction. * * * As was said in Brown-Foreman Co. v. Kentucky, supra, at page 573 of 217 U.S., 30 S.Ct. 578, 580 [54 L.Ed. 883]:

" 'A very wide discretion must be conceded to the legislative power of the state in the classification of trades, callings, businesses, or occupations which may be subjected to special forms of regulation or taxation through an excise or license tax. If the selection, or classification is neither capricious nor arbitrary, and rests upon some reasonable consideration of difference or policy, there is no denial of the equal protection of the law.'

"It is not the function of this Court in cases like the present to consider the propriety or justness of the tax, to seek for the motives, or to criticize the public policy which prompted the adoption of the legislation. Our duty is to sustain the classification adopted by the Legislature if there are substantial differences between the occupations separately classified. Such differences need not be great. The past decisions of the court make this abundantly clear."

■ To quote from our own court, we find that in State ex rel. Labauve v. Michel, 121 La. 374, 46 So. 430, 432, this court said:

"We will observe that, differently from Congress, which possesses only such powers as are delegated to it by the Constitution of the United States, the Legislature exercises the entire legislative power of the state, except in so far as some limitation has been imposed by the State Constitution, and that, therefore, for successfully assailing the constitutionality of any statute, it is necessary to point out some particular provision of the Constitution which has taken away from the Legislature the power to pass it. We will observe, further, that every doubt must be resolved in favor of the statute. The Legislature is, of necessity, in the first instance to be the judge of its own constitutional powers. Their manifest duty is never to exercise a power of doubtful constitutionality. Doubt in their case, as in that of the court, should be conclusive against all affirmative action. If a court in such case were to annul the law while entertaining doubts upon the subject, it would present the absurdity of one department of the government overturning, in doubt, what another had established in settled conviction, and to make the dubious constructions of the judiciary outweigh the fixed conclusions of the General Assembly."

The opinions quoted supra express the law of this country and are decisive of the case.

It is contended that the tax imposed does not take into consideration the amount of the gross sales in determining the tax. That is true, but the tax is levied upon each store, in the state, engaged in the sale of fire engines, equipment, apparatus or supplies, and of fire extinguishers, regardless of the volume of business done by each store. As we have seen, such a tax is not violative of section 8 of article 10 or sections 2 and 15 of article 1 of the State Constitution, or of section 1 of the Fourteenth Amendment of the Constitution of the United States.

For the reasons stated, the judgment appealed from should be, and it is hereby, avoided and reversed, and it is now decreed that there be judgment in favor of the state of Louisiana, and against Arthur Duvic's Sons, Manuel Duvic, Arthur Duvic, Jr., Joseph Duvic, Andrew Duvic, and Hebert Duvic, in solido, to pay to Alice Lee Grosjean, supervisor of public accounts, occupational license taxes in the sum of $200, with interest on $100 thereof at the rate of 2 per cent. per month from March 1, 1933, and on $100 thereof at the rate of 2 per cent. per month from March 1, 1934, together with 10 per cent. attorney's fees on both principal and interest, and the costs of both courts, and that the lien and privilege of the state of Louisiana therefor be recognized and enforced.

O'NIELL, C. J., and ODOM, J., dissent.