275 So.2d 393 (1973)
SAIA MOTOR FREIGHT LINES, INC.
v.
E. Lee AGERTON, Collector of Revenue for the State of Louisiana.
Nos. 52370, 52371.
Supreme Court of Louisiana.
March 26, 1973.
Duval, Arceneaux, Lewis & Gaidry, Stanwood R. Duval, Jr., Houma, for plaintiff-appellant.
Whit M. Cook, II, Baton Rouge, for defendant-appellee.
*394 SANDERS, Chief Justice.
Saia Motor Freight Lines, Inc., in these consolidated cases, challenges the constitutionality of LSA-R.S. 47:462(A)(5), a statute creating tax classifications applicable to certain carriers. The thrust of the challenge is that insofar as the statute fixes rate classifications by domicile it is arbitrary and unreasonable. We do not agree.
R.S. 47:462(A)(5) defines "Class 5" vehicles which are, in related statutes, entitled to lower tax rates than those imposed upon similar commercial vehicles. Prior to 1958, the statute provided as follows:
"(5) Those operated exclusively within the corporate limits of incorporated cities, towns or villages having a population of less than 500,000, or within territory contiguous thereto not exceeding seven (7) miles distance from the corporate limits thereof, those operated exclusively within the corporate limits of incorporated cities, towns or villages having a population in excess of 500,000 or within territory contiguous thereto not exceeding ten (10) miles distance from the corporate limits thereof, those operated exclusively in transportation between a municipality and its airport when supplemental to transportation by air craft shall be class 5."
As the statute then read, therefore, the key to the classification was use-area.
The paragraph was amended in that year so as to read as follows:
"(5) Those operated exclusively within the corporate limits of the incorporated city, town or village in which said vehicle was domiciled at the time of its registration and where said city, town or village has a population of less than 500,000 within territory contiguous to the domicile thereof and not exceeding seven miles distance from the corporate limits thereof, and where said city, town or village has a population in excess of 500,000 within territory contiguous to the domicile thereof and not exceeding ten miles from the corporate limits thereof; those operated exclusively in transportation between a municipality and its airport when supplemental to transportation by aircraft shall be Class 5. At the time vehicles in this class are registered, the domicile of the vehicle so registered shall be shown on the registration certificate." (Italics ours).
The effect of the amendment was to limit the class entitled to lower rates not only by use-area but also by domicile.
It is this limitation which, in Saia's view, is unconstitutionally arbitrary. The trial court, however, rejected this view and upheld the statute. Saia has appealed directly to this court pursuant to Article 7, Section 10 of the Louisiana Constitution.
There is little controversy concerning the constitutional principles governing the case. Quoting Corpus Juris Secundum, we stated in Interstate Oil Pipe Line Co. v. Guilbeau, 217 La. 160, 46 So.2d 113 (1950):
"While the guaranty of equal protection of the laws applies to the exercise of the state's power of taxation, and affects both persons and things, it does not deprive the states of the power to adjust their systems of taxation in all proper and reasonable ways in accordance with their own ideas of public policy; nor does it require absolute equality, the requirement being satisfied if the evident intent and general operation of the tax legislation is to adjust the burden with a fair and reasonable degree of equality. Accordingly, the constitution does not prohibit reasonable classification for purposes of taxation so long as the classification rests on a difference having a reasonable relation to the subject of the particular legislation so that all persons similarly circumstanced shall be treated alike, as determined from the practical operation of the statute. * * *
*395 "To be unconstitutional, the classification must be manifestly arbitrary and unreasonable, and not possibly so. Since taxation is so largely a question of policy, the legislature possesses the largest measure of discretion in these matters; and the courts will not declare a tax statute void as a violation of the equal protection guaranty so long as the classification or selection made by it is based on a reason, even though in their opinion the reason is a poor one and the statute itself is unjust, the test being good faith, not wisdom."
We further noted in the same case:
"It is an elementary rule of construction in constitutional law that all statutory enactments are presumed to be constitutional. Whilst this presumption is not conclusive it nevertheless attaches until it is overcome by the one who challenges the validity of the statute on constitutional grounds."
The trial court found that urban domicile was, within this framework, a reasonable basis for classification, holding that businesses domiciled in urban areas were subject to a broad spectrum of heavier taxes (ad valorum taxes, city sales taxes, vehicle use taxes) which firms outside corporate limits were able to avoid. In this view, LSA-R.S. 47:462(A)(5) tends to equalize that burden by affording municipally domiciled vehicles relief in the form of lower state rates. This position is, of course, reinforced by the fact that these state taxes are enforced upon vehicles and the fact that municipal roadways serving the municipally domiciled vehicle are paid for by municipal rather than state taxes. (See Matthews v. Conway, 179 La. 875, 155 So. 255 (1934) in which the reciprocal ideas of road use and the price of road maintenance were discussed in a somewhat different context.)
We agree that this is a rational basis for classification. Saia, however, argues that no evidence having been offered to prove the premises upon which these conclusions were reached, the trial court erroneously took judicial notice of the tax structure of this state.
The tax structure of this state, or any other, is a coat of many colors. It is composed of state statutes, parochial and municipal ordinances, the decisions of many courts, and a variety of factual determinations. Insofar as statutes and the jurisprudence are concerned, judicial notice is irrelevant for, while sometimes inaccurate reference is made to judicial notice of laws of this state, the better view is that the application of these laws to the facts at bar is the essential function of courts.
As to fact determinations, the only "fact" which may have been noticed by the trial court was that municipally domiciled firms, as a group, face higher property taxes. This conclusion rests upon the premise that urban property is generally more expensive than rural land and that the municipal firm must pay more for a given-size physical plant, the higher value creating a higher tax base. These facts are matters of common knowledge, subject to no reasonable dispute. They were, therefore, properly subjected to judicial notice. See Elba v. Thomas, La.App., 59 So.2d 732 (1952) and Miranne v. State Farm Mut. Auto Ins. Co., La.App., 54 So. 2d 538 (1951).
Saia makes two further arguments. The first is that the concept of domicile, as applied to a vehicle, is unconstitutionally vague. We see no merit in this argument. While domicile may be an imperfect concept, it is a stable one. In the statutory context, it means the place from which the vehicle is regularly dispatched and where it is kept when not in use.
The final Saia challenge rests upon the contention that the legislature exceeded its constitutional mandate when it *396 incorporated concepts of domicile in the taxing statute. The provision in question, Art. 6, Section 22 of the Constitution of 1921, provides in part:
"Section 22. Sources of revenue. The General Highway Fund shall be derived from the following sources:
"(a) Graded license tax. The Legislature shall impose an annual graded license tax upon all motor vehicles used on the public highways of this State, as follows:
"On automobiles for private use, an annual license tax of Three ($3.00) Dollars; on all other motor vehicles, an annual license tax based upon horsepower, carrying capacity or weight, any or all.
"The Legislature is authorized to impose an annual graded license tax, based upon horsepower or carrying capacity, either or both, on all passenger motor vehicles used exclusively in the transportation of teachers or pupils to or from schools under contract therefor made by the authorities thereof.
"On all other vehicles using the public roads, the Legislature is authorized to impose an annual graded license tax, based upon carrying capacity and tonnage, either or both."
Except for subsection (a), this statute is permissive. No limitation on classifications is imposed. As this Court held in State v. Arthur Duvic's Sons, 185 La. 647, 170 So. 23 (1936):
". . . [T]he legislative power of taxation is unlimited, except where the Constitution expressly limits its exercise." (Italics ours).
We hold, as did the district court, that the statute is constitutional.
For the reasons assigned, the judgment of the district court is affirmed at plaintiff's costs.