# Supreme Court of Louisiana

FOR IMMEDIATE NEWS RELEASE                           NEWS RELEASE #014

FROM: CLERK OF SUPREME COURT OF LOUISIANA

The Opinions handed down on the **21st day of March, 2025** are as follows:

**PER CURIAM:**

2024-C-00631     MAXINE THOMAS VS. HOUSING LOUISIANA NOW, L.L.C., TRACY F. ROBINSON, MASTER BUILDERS & CONTRACTORS, L.L.C., RICHARD J. MITHUN, DEAN'S AIR CONDITION & HEATING, L.L.C., AND DEAN WALTERS (Parish of Orleans Civil)

JUDGMENTS AFFIRMED. SEE PER CURIAM.

Justice Jeanette Theriot Knoll, retired, heard this case as Justice Pro Tempore, sitting in the vacant seat for District 3 of the Louisiana Supreme Court. She is now appearing as Justice ad hoc for Justice Cade R. Cole.

Retired Judge Paul A. Bonin, assigned as Justice ad hoc, sitting for Griffin, J., recused.

Hughes, J., dissents for reasons assigned by Crain, J.

Crain, J., dissents and assigns reasons.

McCallum, J., dissents for reasons assigned by Crain, J.

Knoll, J., concurs and assigns reasons.

# SUPREME COURT OF LOUISIANA

## No. 2024-C-00631

## MAXINE THOMAS

## VS.

## HOUSING LOUISIANA NOW, L.L.C., TRACY F. ROBINSON, MASTER BUILDERS & CONTRACTORS, L.L.C., RICHARD J. MITHUN, DEAN'S AIR CONDITION & HEATING, L.L.C., AND DEAN WALTERS

On Writ of Certiorari to the Court of Appeal, Fourth Circuit, Parish of Orleans Civil

PER CURIAM[*]

Plaintiff, Maxine Thomas, filed a breach of contract action against several defendants, including Housing Louisiana Now, LLC ("HLN") in connection with a contract to repair her home. After trial, the district court rendered judgment in favor of plaintiff and against HLN finding a breach of contract based on nonperformance and delay in performance. The judgment awarded plaintiff damages against HLN in the amount of $83,597.03. HLN appealed. The court of appeal affirmed the district court's judgment in all respects. *Thomas v. Housing Louisiana Now, L.L.C.*, 2023-0296 (La. App. 4 Cir. 3/21/24), ___ So. 3d ___. Upon HLN's application, we granted certiorari. *Thomas v. Housing Louisiana Now, L.L.C.*, 2024-00631 (La. 10/23/24), ___ So. 3d ___.

After considering the parties' briefs, hearing oral arguments and reviewing the record, we conclude there is no error in the judgments of the lower courts finding

---

[*] Justice Jeannette Theriot Knoll, retired, heard this case as Justice Pro Tempore, sitting in the vacant seat for District 3 of the Louisiana Supreme Court. She is now appearing as Justice ad hoc for Justice Cade R. Cole. Retired Judge Paul A. Bonin, assigned as Justice ad hoc, sitting for Griffin, J., recused.

HLN breached its contract with plaintiff and awarding damages for that breach.

Accordingly, we affirm the judgments below.[1]

---

[1] Plaintiff filed a motion to dismiss HLN's application on procedural grounds. In light of our disposition affirming the judgments of the lower courts, we deny the motion to dismiss as moot.

# SUPREME COURT OF LOUISIANA

## No. 2024-C-00631

## MAXINE THOMAS

## VS.

## HOUSING LOUISIANA NOW, L.L.C., TRACY F. ROBINSON, MASTER BUILDERS & CONTRACTORS, L.L.C., RICHARD J. MITHUN, DEAN'S AIR CONDITION & HEATING, L.L.C., AND DEAN WALTERS

On Writ of Certiorari to the Court of Appeal, Fourth Circuit,
Parish of Orleans Civil

**CRAIN, J.**, dissenting.

In this breach of contract claim, plaintiff received a significant windfall when the trial court awarded her the cost of home repairs that, according to the trial court, were properly performed. Plaintiff thus gets the agreed repairs *and* her money back. Inexplicably, the majority makes no mention of this, finding a breach of contract and affirming an award of the trial court. If that's all that was here, we would not have granted certiorari and had the case orally argued.

When applied, the Civil Code prevents this type of duplicative recovery by requiring a plaintiff prove the damages caused by an obligor's failure to perform. *See* La. Civ. Code arts. 1994 and 2769; *Hayes Fund for First United Methodist Church of Welsh, LLC v. Kerr-McGee Rocky Mountain, LLC*, 14-2592 (La. 12/8/15), 193 So. 3d 1110, 1115. Again, the majority opinion makes no mention of these requirements, which have been a part of our Civil Code for over 150 years. *See* La. Civ. Code arts. 1930 and 1931 (1870); Litvinoff and Scalise, 6 La. Civ. L. Treatise, *Law Of Obligations—Putting in Default Damages* § 5.7 (2d ed.).

Plaintiff does not identify any damage caused by the breach that supports the award of $83,597.03. In fact, all parties agree the award is the amount of money plaintiff paid to Housing Louisiana Now, LLC. (HLN) pursuant to their contract.

The payment was for work ultimately performed by another entity, which, again, the trial court found properly completed the repairs. Given these facts, which are undisputed at this stage, plaintiff failed to prove HLN's breach caused her damages in the amount of $83,597.03.

To sidestep the lack of proof, the lower courts relied on an article in the Civil Code title governing "Obligations Arising Without Agreement," a name that correctly denotes a distinction from the law of contracts. *See* La. Civ. Code Book III, Title V. These provisions address obligations that arise by operation of law, not contract, and the first two chapters specifically govern obligations previously known as "quasi-contracts." *See* La. Civ. Code arts. 1757, 2292-2305; Alain A. Levasseur, *Louisiana Law of Unjust Enrichment in Quasi-Contracts*, 26-34 (1991). Appearing in Chapter 2, captioned "Enrichment Without Cause," Louisiana Civil Code article 2299 provides: "A person who has received a payment or a thing not owed to him is bound to restore it to the person from whom he received it." This provision, according to the lower courts, requires HLN to return the payment because it was "not owed" to HLN.

Setting aside for now that HLN transferred the funds to the party who performed the work, plaintiff's argument has a more fundamental problem: Article 2299 does not apply to a payment made pursuant to a valid contract between the parties. Article 2300 clarifies that a "thing is not owed when it is paid or delivered for the discharge of an obligation *that does not exist*." La. Civ. Code art. 2300 (emphasis added). That did not happen here. Plaintiff paid the money to HLN because she was contractually obligated by their agreement to make a payment at the start of the project. She was discharging an existing obligation to HLN. She did not pay the wrong party and otherwise use the funds to discharge a phantom debt. HLN's subsequent breach of the agreement did not retroactively change the reason for the payment. It gave plaintiff the right to enforce the contract, which she did,

2

and pursue the remedy provided by law for breach of contract. Plaintiff just failed to meet her burden of proof for an award of $83,597.03.

Citing a comment, plaintiff argues Article 2299 provides an "alternative remedy," and a plaintiff "may choose the theory of recovery that best suits his interests." *See* La. Civ. Code art. 2299, Comment (c). This argument fails to put Article 2299 in context. It is an alternative remedy only vis-à-vis other *non-*contractual remedies when they are applicable to a dispute, namely when the dispute is not controlled by a contract. The identified actions for recovery of "the thing" listed in the comment are based on legal obligations arising without an agreement: an action in tort, unjust enrichment, revendication, and return of a thing not owed. *See* La. Civ. Code art. 2299, Comment (c). Notably, breach of contract is not identified as an alternative theory of recovery, because Article 2299 is not applicable when a payment is made to discharge an existing contractual obligation. *See* La. Civ. Code art. 2300. If the payment is made pursuant to a contract, the remedy in contract controls. *See Id.*[1]

Consistent with Article 2300, Professor Levasseur explained a quasi-contractual remedy is never an alternative to a contractual remedy:

> A quasi-contractual remedy should never be considered an alternative to a contractual remedy since the latter is to be considered as part of the law of the contract between the parties; furthermore, a contractual remedy is always more beneficial to a party who claims to have been impoverished by the other party's breach of an obligation. A quasi-contractual remedy should be contemplated only as a last resort in order to avoid upsetting the predetermined and well-balanced scheme of the legal and contractual remedies available to both parties under the law. Where a judge cannot resort to equity when legislation or custom is controlling, likewise he should not be able to resort to a quasi-contractual remedy when there is a law or a contract controlling the subject matter under consideration.

Levasseur, at 53-54.

---

[1]     Although not applicable here, a thing is also not owed when it is paid or delivered for "discharge of an obligation that is subject to a suspensive condition." *See* La. Civ. Code art. 2301. Plaintiff's obligation to make a payment at the start of the project was not subject to a suspensive condition.

The Civil Code articles governing obligations arising without an agreement are "esoteric concepts," and judicial opinions applying these concepts "demonstrate a certain lack of consistency and coherence due mainly to a lack of guidance and direction." *See* Levasseur, at vii. Today, rather than providing guidance and direction, the majority adds to the confusion by allowing plaintiff double recovery.

Plaintiff is also not entitled to the return of the payment under Article 2399 because receiving both the agreed work and a full refund violates the prohibition against double recovery. *See* La. Civ. Code art. 2299, Comment (c). Further, as argued by HLN, its contractual obligations were extinguished by the proper completion of the work by the contractor to whom HLN remitted the payment. *See* La. Civ. Code arts. 1854-55. I find no merit in plaintiff's argument that this court is barred from applying a Civil Code article simply because no party cited it in the lower courts, particularly where, as here, the trial court made the necessary factual findings to render the article applicable. Application of laws to the facts is the essential function of courts. *Saia Motor Freight Lines, Inc. v. Agerton*, 275 So. 2d 393, 395 (La. 1973). For these reasons, I would reverse the trial court's award of $83,597.03 against HLN.

SUPREME COURT OF LOUISIANA

No. 2024-C-00631

MAXINE THOMAS

VS.

HOUSING LOUISIANA NOW, L.L.C., TRACY F. ROBINSON, MASTER BUILDERS & CONTRACTORS, L.L.C., RICHARD J. MITHUN, DEAN'S AIR CONDITION & HEATING, L.L.C., AND DEAN WALTERS

**KNOLL, J.,[1] concurs and assigns reasons:**

I concur in the majority's decision to affirm the judgments below. However, I write separately to express my opinion that this case was not properly postured for review by this court, and our grant of the writ application filed by Housing Louisiana Now, LLC ("HLN") should have been recalled on procedural grounds.

The primary issue raised in HLN's writ application to this court, and the issue which I believe prompted our grant of certiorari, involves the question of whether performance by another relieves HLN of its obligations pursuant to the provisions of La. Civ. Code art. 1855, which provides, in pertinent part, "[p]erformance may be rendered by a third person, even against the will of the obligee, unless the obligor or the obligee has an interest in performance only by the obligor." The record reveals HLN did not raise or cite La. Civ. Code art. 1855 in any of its pleadings in the district court. Rather, HLN first raised its arguments under this article in a reply brief filed in the court of appeal while the matter was pending on appeal.

Our jurisprudence has long recognized that an issue which is not raised or argued in the district court "is not properly before this court and we are unable to consider it." *Fried v. Bradley*, 219 La. 59, 87, 52 So. 2d 247, 257 (1950). *See also*

---

[1] Justice Jeannette Theriot Knoll, retired, heard this case as Justice *Pro Tempore*, sitting in the vacant seat for District 3 of the Louisiana Supreme Court. She is now appearing as Justice *ad hoc* for Justice Cade R. Cole.

*Council of City of New Orleans v. Washington*, 2009-1067, p. 3 (La. 5/29/09), 9 So. 3d 854, 856 ("The well-settled jurisprudence of this court establishes that as a general matter, appellate courts will not consider issues raised for the first time, which are not pleaded in the court below and which the district court has not addressed.").

In my opinion, the record developed in the district court is insufficient for us to determine whether La. Civ. Code art. 1855 applies under these facts. For example, the provisions of La. Civ. Code art. 1855 do not apply when "the obligor or the obligee has an interest in performance only by the obligor only." In brief, plaintiff has suggested she had an interest in performance by HLC, the party with which she contracted. Without the benefit of factual findings by the district court, this question cannot be resolved. *See Fite v. Miller*, 192 La. 229, 250, 187 So. 650, 657 (1939) (explaining an appellate court does not decide questions which were not decided by, or contested in, the court from whose judgment the appeal is taken" because "[w]e do not know what kind of evidence the plaintiff is depending upon, or whether it will be admissible, or sufficient to sustain his demand, either in whole or in part.).

Accordingly, I would have granted plaintiff's motion to dismiss and recalled our order of certiorari as improvidently granted. However, because the majority's decision to affirm the lower court judgments leaves those judgments undisturbed and creates no adverse precedent, I concur in the result.

2