(92 South. 469)

## CITY OF RUSSELLVILLE v. CITIZENS' BANK & SAVINGS CO. et al.
### (8 Div. 449.)

(Supreme Court of Alabama. April 20, 1922.)

1. **Municipal corporations** ⊙⟲956(1) — **Must show authority to demand taxes.**

Every municipal corporation demanding taxes from the people must show due authority from the state.

2. **Municipal corporations** ⊙⟲961—**No authority to tax for special or unusual purposes can be inferred from general grant.**

No authority to tax for special and unusual purposes, such as for the disposition of trash, garbage, etc., by a city, can be inferred from a general grant.

3. **Municipal corporations** ⊙⟲961 — **City not maintaining crematories cannot tax for disposition of trash, garbage, etc.**

Under Code 1907, § 1280, providing for the establishment and maintenance of crematories by cities and the hauling of trash and garbage to them, a city which maintains no crematories cannot levy a tax for the disposition of trash, garbage, etc., though it may and should enact proper ordinances to maintain the health and cleanliness of its territory.

Appeal from Circuit Court, Franklin County; C. P. Almon, Judge.

Prosecution by the City of Russellville against the Citizens' Bank & Savings Company and others for failure to pay sanitary tax imposed by the city. From a judgment discharging defendants and holding the ordinance void, the City appeals. Transferred from Court of Appeals under section 6, Acts 1911, p. 449. Affirmed.

Travis Williams, of Russellville, for appellant.

The city had ample authority to enact the ordinance, and it is not in conflict with any state law, nor is it unreasonable nor confiscatory. Sections 1276, 1282, and 1290, Code 1907.

William L. Chenault, of Russellville, for appellees.

The ordinance was void, because there is no authority for its enactment. 142 Ala. 552, 38 South. 67, 70 L. R. A. 209, 110 Am. St. Rep. 43; 56 Fla. 422, 47 South. 963, 21 L. R. A. (N. S.) 192; 58 S. W. 795, 22 Ky. Law Rep. 806, 51 L. R. A. 897.

---

⊙⟲For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

SAYRE, J. Appellees were prosecuted in the recorder's court of the city of Russellville for failing, after notice, to pay a certain tax levied by the municipal authorities under an ordinance providing for the disposition of trash, garbage, and night soil. To provide for the expenses of collection and removal, a special graduated tax is imposed upon all persons, firms, and corporations within the limits of the city. On appeal the circuit court seems to have ruled that the ordinance was without the power of the municipal authorities.

[1-3] We are loath to decide a question of this moment upon the meager arguments presented. However, the general principle is that every municipal corporation which demands taxes from the people, must be able to show due authority from the state to make the demand. 2 Cooley, Taxation, 1293. And no authority to tax for special and unusual purposes can be inferred from a general grant. 1 Cooley, Taxation, 469. We are referred to section 1282 of the Code, among others less relevant, as authority for the tax here at issue. But that section provides for the establishment and maintenance of crematories and the haulage to them of trash and garbage. The city of Russellville maintains no crematories. We therefore are of opinion that the circuit court was right in its judgment. We will not, of course, be understood as doubting for a moment the power and duty of municipal corporations under the Code to maintain the health and cleanliness of their territories, and to that end provide proper ordinances. The question here relates only to the source from which such regulations may be financed.

Affirmed.

ANDERSON, C. J., and GARDNER and MILLER, JJ., concur.