214 So.2d 905

Warren S. REESE, Jr.

v.

PAR VALUE LOAN CO.

3 Div. 170.

Supreme Court of Alabama.

Oct. 3, 1968.

Rehearing Denied Nov. 7, 1968.

Warren S. Reese, Jr., Montgomery, for appellant.

Harry Perdue, Montgomery, for appellee.

COLEMAN, Justice.

Defendant appeals from a judgment for plaintiff in an action at law for conversion of an automobile.

The complaint contains three counts. Count II is in detinue for the automobile. Counts I and III are for conversion of the automobile. In Count III, plaintiff alleges that it claims title to the car by virtue of a conditional sales agreement.

Defendant filed a plea of the general issue and a special plea wherein defendant alleged that plaintiff was not entitled to possession of the car, nor to damages for its conversion, because of a judgment rendered against "Billie" J. Bearden on August 15, 1962, which was recorded in office of Judge of Probate on August 16, 1962, and that defendant had execution levied on the car and the car was sold by the sheriff to defendant at execution sale. The evidence shows that the sheriff levied on the car on October 22, 1962, and the sale was made on November 14, 1962.

Plaintiff replied that it claims title through a contract entered into between plaintiff and "Billie" J. Bearden on September 18, 1961, a certificate of which was recorded in office of Judge of Probate prior to the obtaining of any judgment or other lien against the automobile, or the accrual of any rights by defendant against the car. The certificate of the Judge of Probate shows that a chattel mortgage recording form was filed for record on September 20, 1961.

Trial was by the court without a jury. Motion for new trial was overruled and defendant appealed.

We pretermit consideration of certain motions filed by the parties in this court.

In his brief, defendant argues three assignments of error, to wit:

"1. The Court erred in overruling the objection of the Appellant (defendant) to the following question propounded to the witness Henry Green on direct examination by Counsel for the Appellee (plaintiff):

"'Q: Let me ask you this Mr. Green, did you call me on or about October 27, concerning a 1961 Falcon which Mr. Phelps had picked up and the Sheriff had levied on?' (T.P. 23).

"2. The Court erred in overruling the objection of Appellant (defendant) to the following question (sic) propounded to the witness Henry Green on direct examination by Attorney for Appellee (plaintiff):

"'Q: Did I talk with you and tell you that Mr. Reese had agreed to pay this mortgage off at the rate of $100.00 a month?

"A: Yes, sir.

"Q: Did you advise me that this would be acceptable to you?

"A: Yes, sir.' (T.P. 24).

"3. The Court erred in making the following ruling during the trial of this cause as to the admissability (sic) of testimony:

"THE COURT:

"'The Court will consider only relevant testimony. I will consider only relevant evidence and there is no need to make a ruling on your objection. Go ahead.' (T.P. 24).

"MR. REESE:

"'I except.'"[1]

As to Assignment 1, defendant asserts that the ruling of the court was error because the evidence called for was self-serving and was hearsay.

■ We are not certain that the question, "Did you call me on or about October 27 ——," calls for hearsay. It may be self-serving. Whatever was said in the conversation would be hearsay as to defendant, but the subsequent questions, as to how the witness happened to call the plaintiff's attorney and the levy on the car, were not objected to. If, however, the one question objected to and the ruling on the objection, should be considered as going also to the subsequent questions concerning what was said over the telephone about the levy on the car, we are not persuaded that reversible error is shown.

As we understand the record, it is not disputed that the car was levied on by the Sheriff of Montgomery County on October 22, 1962. Deputy Sheriff Phelps so testified without objection by defendant. Defendant alleged in his second plea that the sheriff levied on and sold the car. The testimony by plaintiff's manager, Greene, that the car had been levied on, was only the statement of an admitted fact in the case and no possible injury could result from its admission. Pittman v. Pittman, 124 Ala. 306, 310, 27 So. 242.

In the second assignment, defendant complains that the court erred in overruling his objection to two questions. As is shown by the record, defendant did not object until after both questions had been answered. This court has said: ". . . . timely objection to a question is necessary and the point is not preserved if the objector speculates on the answer and waits until after the answer to reserve an exception to the ruling." Housing Authority of City of Decatur v. Decatur Land Co., 258 Ala. 607, 612, 64 So.2d 594, 597.

■ The third assignment is that the court erred in ruling that it would "consider only relevant evidence and there is no need

---

1. The rulings complained of in the three assignments occurred during the direct examination of the witness, Greene, who was manager of the plaintiff, as follows:

"Q How long have you known Mr. Billy J. Bearden?

"A About four years.

"Q Was he a resident of Montgomery County, Alabama at the time he made the loan on that Falcon automobile?

"A Yes, sir.

"Q And at the time you recorded the mortgage?

"A Yes, sir.

"Q Let me ask you this, Mr. Green(e). Did you call me on or about October 27—

"MR. REESE: If the Court please, I object to that. It is self-serving and it is hearsay, and I object to that.

"THE COURT: Overruled.

"MR. REESE: I except.

"BY MR. HARRY H. PERDUE, Jr: (Continuing)

"Q Did you call me on or about October 27, 1962 concerning a 1961 Falcon which Mr. Phelps had picked up and the Sheriff had levied on?

"A I did.

"Q How did you happen to call me concerning this 1961 Falcon, Mr. Greene?

"A Well, Mr. Bearden had been by the office and advised me what had taken place.

"Q That the automobile had been picked up.

"A Yes, sir.

"Q Did you immediately call me concerning the fact that the automobile was being levied on?

"A The same day.

"Q On October 22nd, did Mr. Phelps levy on this automobile where Mr. Bearden resided?

"A Yes, sir.

"Q All right. Are these the records that came out of the Par Value Loan Company office?

"A That's right.

"Q Now, I show you these cards identified as Plaintiff's Exhibit No. 2 and

to make a ruling on your objection." The trial court erred in this ruling.

"This being a suit at law, the rules developed in equity cases pursuant to the provisions of Sec. 372(1), Tit. 7, Code of Alabama 1940, to the effect that in the absence of objections the court could consider only such evidence as is relevant, material, competent, and legal, do not apply." Liberty National Life Ins. Co. v. Reid, 276 Ala. 25, 36, 158 So.2d 667, 677.

■ When, in the course of a trial at law, the court ought to rule on an objection to a question, but refuses to rule, we do not know of anything the party objecting can do except to state his objection. The party cannot compel the court to rule. In the circumstances of the instant case, the party objecting is completely without remedy against inadmissible evidence unless the appellate court will treat the action of the trial court as overruling the objection. Hereinabove, in considering Assignment 2, we have treated the refusal to rule as over-. ruling the objection.

As already stated, however, the objection came too late and the point was not preserved.

■ The other assignments are not argued and, therefore, must be considered as waived. Supreme Court Rule 9; Morgan County v. Hill, 257 Ala. 658, 60 So.2d 838, ¶ [1].

ask you to identify this exhibit for us and tell us what that is.

"A That is an account card.

"Q What is an account card?

"A It is a card that states the customer's name and his address and the security on the loan we have made to him which in this case is a 1961 Ford Falcon station wagon four-door, and it also shows the terms and the amount he owes.

"Q What was the balance owing on this automobile when it was—

"A It was $1288.08.

"Q Mr. Greene, did I contact you or call you concerning Mr. Reese's agreeing to pay this chattel mortgage?

"A Yes, sir.

Reversible error has not been shown and the judgment must be affirmed.

Affirmed.

LIVINGSTON, C. J., and SIMPSON and KOHN, JJ., concur.

"Q Did I talk with you and tell you that Mr. Reese had agreed to pay this mortgage off at the rate of $100 a month?

"A Yes, sir.

"Q Did you advise me that this would be acceptable to you?

"MR. REESE: If the Court please, I object to this. I was not present and it is hearsay—

"THE COURT: The Court will consider only relevant testimony. I will consider only relevant evidence and there is no need to make a ruling on your objection. Go ahead.

"MR. REESE: I except."