236 So.2d 705

**Thomas E. DYER**

**v.**

**BOARD OF ZONING ADJUSTMENT AND APPEALS OF the CITY OF FAIRHOPE, Fairhope, Alabama.**

**1 Div. 26.**

Court of Civil Appeals of Alabama.

June 10, 1970.

John V. Duck, Fairhope, for appellant.

E. G. Rickarby, Fairhope, for appellee.

BRADLEY, Judge.

The appellant here, Thomas E. Dyer, applied to the City of Fairhope for a building permit so that he might erect a service station on a portion of land that he owned in the northeast section of Fairhope, Alabama.

The property on which the building permit was sought was located in an area zoned for residential purposes.

The permit applied for was denied on the basis that the property was zoned for residential purposes, and Mr. Dyer applied to the Board of Zoning Adjustment and Appeals for a "use variance" as is permitted under certain circumstances by the master zoning ordinance of the City of Fairhope.

A hearing on such application was duly held, at which time and place all interested parties had been notified to be present.

The Board, after said hearing, denied the request for the "use variance" and Mr.

Dyer appealed to the Circuit Court of Baldwin County for a de novo hearing thereon in accordance with the provisions of Title 37, Section 783, Code of Alabama 1940, as Recompiled 1958.

Section 783, supra, provides as follows:

"Any party aggrieved by any final judgment or decision of such board of zoning adjustment, may within fifteen days thereafter appeal therefrom to the circuit court or court of like jurisdiction, by filing with such board a written notice of appeal specifying the judgment or decision from which appeal is taken. In case of such appeal such board shall cause a transcript of the proceedings in the cause to be certified to the court to which the appeal is taken and the cause in such court be tried de novo."

Trial was duly held before the Circuit Court, sitting without a jury, and it rendered judgment in favor of the Board and refused to grant the "use variance" as requested by Mr. Dyer.

The case was then appealed to the Supreme Court, which later transferred it to this court.

There are three assignments of error in the record; assignments one and three question the trial court's judgment and the sufficiency of the evidence to support said judgment, and assignment number two concerns the failure of the trial court to rule on objections made to questions asked of the appellant.

We will consider assignments one and three together.

The evidence introduced at the trial tended to show that Mr. Dyer owned fifty acres in the northeast section of the City of Fairhope and within its city limits.

Mr. Dyer sought a "use variance" for one-half acre of his property for the purpose of building a service station thereon.

The testimony revealed that the property in question was zoned for residential purposes, although there was a nursery, an an-

imal clinic, a trailer court, a farm operated by the Gulf Coast Experimental Station, and a city park or playground. Otherwise, the area was residential.

There was testimony that the nursery, the trailer court and the animal clinic were in existence at the time this area was taken into the city, and came under the zoning ordinance as a non-conforming use.

There was testimony that, should the "use variance" be granted, the result would be a lowering of values of the residential property.

Mr. Dyer testified that to refuse the "use variance" to him would cause him undue hardship and prevent him from putting the property to its highest and best use.

The record established before the Zoning Board of Adjustment and Appeals of the City of Fairhope and which was before the Circuit Court, revealed that the Board had denied similar requests in the past on the basis that "spot zoning" would get out of hand and that the non-conforming uses were not allowed to expand or change, and that it was trying to keep the area residential in keeping with its zoning designation. This was also the sentiment of the surrounding residential property owners.

■ Our Supreme Court said in Moore v. Pettus, 260 Ala. 616, 71 So.2d 814, that courts generally follow a strict policy against extension or enlargement of variations of zoning ordinances.

It was also said in Arant v. Board of Adjustment of City of Montgomery, 271 Ala. 600, 126 So.2d 100, 89 A.L.R.2d 652, that, "whether variance should be granted depends on facts of each case."

■ And in White v. Board of Adjustment of City of Birmingham, 245 Ala. 48, 15 So.2d 585, the Supreme Court said when an appeal from action of the board of adjustment in denying a building permit was tried de novo in the circuit court, as provided by statute, and testimony was orally before the trial judge without a jury, his judgment would not be disturbed when not palpably wrong.

■ In the case at bar, there is ample evidence to support the decision of the trial court that the "use variance" to the residential zoning ordinance should not be allowed, and such decision is in keeping with the principle laid down in *Moore,* supra; consequently, we are unable to say that the trial court was palpably wrong in its decision upholding the Zoning Board of Adjustment and Appeals of the City of Fairhope. We are therefore of the opinion that assignments of error one and three are not well taken.

Appellant, in his second assignment of error, complains that the trial court erred to reversal by not ruling on objections to questions asked of the witnesses for appellee.

The trial judge, during the trial, in response to several objections to the admission of testimony, stated that this proceeding was in the nature of an equity proceeding and he would not rule on said objections.

■ All of the objections to the admission of testimony, except one, came after responsive answers were made to the questions asked, and therefore came too late to prompt a ruling thereon by the trial court. Salter v. Cobb, 264 Ala. 609, 88 So.2d 845.

The question to which an objection was made and on which the trial court refused to rule, is as follows:

"Q. Did the Board of Zoning and Adjustment indicate to you—Did they grant the variance that you requested that night?

"A. No sir.

"Q. Did they indicate to you why the variance was not granted?

"MR. RICKARBY: Object.

"THE COURT: Note his objection and go ahead."

■ ·The objection to the·question was general with no grounds stated, and our Supreme Court has stated that in such circumstances, the action of ·the lower court in overruling the ·objection will not be error unless·the evidence·is patently inadmissible. ·Tankersley v.· Webb, 263 Ala. 234, 82 So.2d 259.

■ The. question attempted to elicit from the witness whether or not the Board of Adjustment said why the requested variance was denied.

The most that could be said against an answer to such question was that it was immaterial, but certainly it was not patently inadmissible.

But in the case at bar, the court did not overrule the objection; it simply did not rule because, we think, of a mistaken belief that this was an equity proceeding.

The appeal from the decision of the Fairhope Board of Zoning Adjustment and Appeals to the Circuit Court of Baldwin County was taken pursuant to Title 37, Section 783, supra, which provides, in part, as follows:

" * * * the cause in such court be tried de novo."

The record of the proceedings before the Circuit Court of Baldwin County clearly reflects that the matter was tried de novo ·on the law side without the intervention of the jury; although the Supreme Court has held that an aggrieved party in this type case can demand a. jury trial of the issues of fact. Arant v. Board of Adjustment of City of Montgomery, supra; and Zoning Board of Adjustment of City of Mountain Brook v. Wright, 283 Ala. 654, 220 So.2d 261.

We are convinced that this case was not tried· on the equity side of the Circuit Court and was not an equity matter, but was a legal proceeding.

The Supreme Court said in Liberty National Life Ins. Co. v. Reid, 276 Ala. 25, 158 So.2d 667:

"This being a suit at law, the rules developed in equity cases pursuant to the provisions of Sec. 372(1), Tit. 7, Code of Alabama 1940, to the effect that in the absence of objections the court. could consider only such evidence as is relevant, material, competent, and legal, do not apply."

Then, in Reese v. Par Value Loan Co., 283 Ala. 162, 214 So.2d 905, the Supreme Court said:

"When, in the course of a trial at law, the court ought to rule on an objection to a question, but refuses to rule, we do not know of anything the party objecting can do except to state his objection. The party cannot compel the court to rule. In the circumstances of the instant case, the party objecting is completely without remedy against inadmissible evidence unless the appellate. court will treat the action of the trial court as overruling the objection."

In the present case the trial. court refused to rule on the objection made and we think this was erroneous. However, in order for a review to be had of the evidence admitted by failure of the trial court to rule, we will consider the action of the trial court as being one overruling the objection and permitting the testimony to go into evidence as suggested by *Reese,* supra.

By following this procedure, we can then decide whether the admitted testimony was "patently inadmissible," and the resulting judgment bad.

As stated above, we do not consider the testimony to have been "patently inadmissible," and we, therefore, do not believe the trial court committed reversible error by not ruling on the admissibility of the testimony in question.

The court having committed no reversible error in the trial of this case, it is affirmed.

Affirmed.