WRIGHT, Presiding Judge.
In February 1984, Paul Duren applied to the City of Arab for a permit to locate a railroad car (caboose) on his property. The caboose weighed more than 40,000 pounds. He planned to restore the caboose and then use it as either a storage area or as a playhouse for his grandchildren. The City’s Zone Enforcement Officer granted the permit. Shortly thereafter, the Durens had the caboose transported to their property by truck, and they began to restore it. Before the restoration could be completed, however, a number of Duren’s neighbors, appellants in this action, appealed to the Board of Adjustment of the City of Arab contesting the enforcement officer’s grant of this permit. The neighbors argued that the presence of the caboose violated the City’s zoning ordinance. The area in which both Duren’s property and his neighbors’ property are located is zoned as R-l, residential. Although three of the Board’s five members voted to reverse the decision of the enforcement officer, because the City’s zoning ordinance requires at least four votes to reverse such a decision, the grant of the permit was upheld.
*255 The neighbors appealed the Board’s action to the circuit court seeking a trial de novo pursuant to § 11-52-81, Code of Alabama 1975. After trial, without a jury, the circuit court issued an order upholding the Board’s decision. The neighbors’ motion for a new trial was denied. They appeal.
The dispositive issue on appeal is whether the circuit court’s decision was palpably wrong. Dyer v. Board of Zoning Adjustment and Appeals, 45 Ala.App. 696, 236 So.2d 705 (1970).
In its decision, the trial court found that the caboose was not a permitted “accessory structure” under Arab’s zoning ordinance. Nonetheless, it held that the Durens could keep the caboose on their property because “the ordinance permits both an accessory use and an accessory structure.” (Emphasis added by trial court.) It found the intended use of the caboose as a storage area or playhouse to be a permitted “accessory use” under the ordinance.
Under the trial court’s construction of Arab’s zoning ordinance, any type of structure may be placed in the residentially zoned area, even though it is not a permitted structure, as long as such structure is put to a permitted use. Counsel for the neighbors argues that this construction of the ordinance is palpably wrong. We agree and reverse.
Section 4-1-1 of the ordinance lists as one of the permitted uses in the R-l district, “Accessory uses and structures.” Section 11-2-1 defines an “Accessory use or structure” as “A use or structure on the same lot with, and of nature customarily incidental or subordinate to, the principal use or structure.”
When construing a municipal ordinance, a court uses the same rules of construction as it would use in construing a statute. Martin v. City of Trussville, 376 So.2d 1089 (Ala.Civ.App.), cert. denied, 376 So.2d 1095 (Ala.1979). The fundamental rule of construction requires a court to ascertain and effectuate the intention of the legislative body as it is expressed in the ordinance. Shelton v. Wright, 439 So.2d 55 (Ala.1983); Town of Helena v. Country Mobile Homes, Inc., 387 So.2d 162 (Ala.1980). When it is necessary to construe an ordinance which imposes restrictions upon the use of private property, it must be strictly construed so that its scope will not be extended to include limitations not therein included. Civitans Care, Inc. v. Board of Adjustment, 437 So.2d 540 (Ala.Civ.App.1983). Of course, when the language of an ordinance is clear and unambiguous, there is no room for construction and the clearly expressed intent must be given effect by the court. Tate v. Teague, 431 So.2d 1222 (Ala.1983).
Reading the sections of the Arab zoning ordinance in light of these rules of construction, we find that the trial court has incorrectly construed the ordinance. While § 4-1-1 allows that both accessory uses and structures are permitted, no part of that section or any other section of the ordinance allows either an impermissible use or an impermissible structure. To give any other construction to § 4-1-1 would be to ignore both the plain language of the section as well as other sections of the ordinance. See Alabama Farm Bureau Mutual Casualty Insurance Company v. City of Hartselle, 460 So.2d 1219 (Ala.1984). There is no language in the ordinance which would allow the issue in the instant case to be an either/or proposition. Either the structure is permitted or it is not. Similarly, either the use is permitted or it is not. Section 6-1 of the ordinance states quite clearly:

“Section 6-1. Application of Regulations

“The regulations set forth in this ordinance affect all land, every building, and every use of land and/or building and shall apply as follows:

“Use

“No building or land shall hereafter be used or occupied, and no building or structure or part thereof shall be erected, moved or structurally altered except in conformity with the regulations of this ordinance.”
*256 (Emphasis added.) Nothing in the ordinance will allow an impermissible structure regardless of the use to which it is put.
In arguing for affirmance, counsel for the Board argues that the caboose is an accessory structure under § 4-1-1 and is thus permissible. This issue was decided adverse to the Board’s position by the trial court. The Board did not perfect an appeal. In the absence of taking an appeal, an appellee may not cross-assign error. Johnson v. Haynie, 414 So.2d 946 (Ala.1982); Beaty v. Head Springs Cemetery Association, Inc., 413 So.2d 1126 (Ala.1982).
The decision of the trial court is reversed and this cause is remanded to the trial court so that an order not inconsistent with this opinion may be entered.
REVERSED AND REMANDED WITH DIRECTIONS.
BRADLEY and HOLMES, JJ., concur.