ON APPLICATION FOR REHEARING
BOWEN, Presiding Judge.
The State’s application for rehearing is granted. The opinion of this Court issued February 12, 1993, is hereby withdrawn. The following becomes the opinion of this Court.
Michael Beard was convicted of the misdemeanor violation of the provisions of the Solid Wastes Disposal Act, Ala.Code 1975, § 22-27-1 et seq., and was fined $200. On this appeal from that conviction, he raises four issues.
I
The appellant challenges the sufficiency of the State’s evidence. Contrary to the argument of the attorney general, this issue was preserved for our review by the appellant’s pro se motion for new trial alleging that he was “[d]enied due process of law” by the “[l]ack of evidence.” CR. 53. See Pearson v. State, 601 So.2d 1119, 1123-24 (Ala.Cr.App.1992); Fortier v. State, 515 So.2d 101, 104 (Ala.Cr.App.1987), cert. denied, 484 U.S. 1043, 108 S.Ct. 776, 98 L.Ed.2d 862 (1988) (Rule 20.3(a), AR.Crim.P. (formerly Rule 12.3(a), AR.Crim.P.Temp.), allows the issue of sufficiency of the evidence to be raised by post-verdict motion, even if that issue was not raised at trial).
The appellant was charged with a violation of Alabama’s Solid Wastes Disposal Act. Ala.Code 1975, § 22-27-1 through 22-27-7. The complaint charged that the appellant
“fail[ed] to subscribe to the County’s Solid Waste Collection Program and pay the required Solid Waste Collection and Disposal Fees, in violation of Section 22-27-6 of the Code of Alabama_[and] did ... generate solid waste, garbage or ash as defined in Section 22-27-2(2), (3) in violation of Section 22-27-3(a)(2).
“The State of Alabama alleges that during the times mentioned in this complaint, the said Michael Beard was not granted a certificate of exception as provided for in 22-27-3(g) and further alleges that solid waste collection and disposal services for which said charges were made were actually provided to the household of the said Michael Beard as so designated in Title 22-27-3(a)(5).... ” CR. 36.
Section 22-27-3, Ala.Code 1975, provides that the governing body of a city or county may make waste collection and disposal services available to the public and may “adopt rules and regulations providing for mandatory public participation in and subscription to such system of services.” Ala.Code 1975, § 22-27-3(a)(2) (emphasis added). If the governing body adopts a mandatory system, then ,
“[e]very person, household, business, industry or property generating solid wastes, garbage or ash as defined in this section shall participate in and subscribe to such system of service unless granted a certificate of exception as provided in subsection (g) of this section.”
*1124 Ala.Code 1975, § 22-27-3(a)(2). The statute further provides:
“[i]n the event [a] person, household, business, industry or property owner who has not been granted a certificate of exception refuses to participate in and subscribe to such system of service, the county commission or municipal governing body may in addition to any other remedy provided in this article bring an appropriate civil action in circuit court to compel such participation and subscription. Except as provided in subsection (g) of this section any person, firm or corporation violating such rules and regulations shall be in violation of the provisions of this article and shall be punished as provided in section 22-27-7.”
Although § 22-27-7 contains no numbered subsections, it clearly provides three separate ways in which the provisions of the Solid Wastes Disposal Act can be violated:
“[1] Any person violating any provision of this article or any rule or regulation made pursuant to this article shall be guilty of a misdemeanor and, upon conviction, shall be fined not less than $50.00 nor more than $200.00, and, if the violation or failure or refusal to obey or comply with such provision of this article or such rule or regulation is a continuing one, each day’s violation shall constitute a separate offense and shall be punished accordingly. [2] Any person, firm or corporation granted an exception under subsection (g) of section 22-27-3 who or which fails to carry out and comply with the provisions of the proposals embodied in the application and plan upon which a certificate of exception was issued to him or it shall be guilty of a misdemean- or and shall be punished as provided in this section. [3] Any person, firm or corporation which has not been issued a certificate of exception under subsection (g) of section 22-27-3 and which utilizes the solid waste disposal system of any county or municipality and which fails to pay the fee, rate or charge established by the county commission or municipal governing body therefor shall be guilty of a misdemeanor and shall be punished as provided in this section.”
The appellant was charged with violating the Solid Wastes Disposal Act by the first method: by failing to subscribe to Lauder-dale County’s solid waste disposal service, and by failing to pay the solid waste collection and disposal fees for that service, in violation of Ala.Code 1975, § 22-27-7.
At trial, the parties stipulated to the fact that the Lauderdale County Commission had previously adopted a resolution requiring that “all residential units in rural Lauderdale County shall [have] their waste removed on a weekly basis by [a] licensed contractor unless that person had previously applied for and was in possession of a certificate of exception issued by the Lauderdale County Health Department.” R. 70. The prosecution presented undisputed evidence that the appellant had not been issued a certificate of exception under section 22-27-3(g) and that he had failed to pay the waste disposal fees.
Under the allegations of the specific charge, the State was not required to present any evidence that the appellant had “utilize[d] the solid waste disposal system” established by the county. The State did present evidence that the solid waste disposal and collection services had been made available to the appellant. The parties stipulated that Gerald Richardson, doing business as Richardson’s Sanitation, was under contract with the county “to make collection of household solid waste in Lauderdale County Area Number 5” and that Area Number 5 included the county road on which the appellant’s residence was located. R. 71.
Evidence for the defense established that the appellant lived with his wife and children on a two and a half acre tract in rural Lauderdale County. The appellant’s wife testified that the family did not discard any solid waste. R. 115. Stating that “whatever [they] had, [they] use[d] in a beneficial way,” R. 116, Mrs. Beard testified that all items coming into their home were either recycled, reutilized, composted, given away, or sold at yard sales or for scrap metal. Mrs. Beard testified that when she first learned of the county waste collection program, she contacted the utility company and explained that her family was “not producing any solid waste,” that they “had no trash.” R. 106. She re *1125 quested that the waste disposal fee be deleted from her utilities bill and, for a period of one year, it was.
When officials at the Lauderdale County Health Department learned that the fee was not being collected from the Beards, the health department ordered the utilities department to reinstate the fee. Mrs. Beard called the health department and explained her objections to participating in the waste disposal system, and requested once again that the fee be removed from her bill. Her requests were denied. Thereafter, the Beards deleted the waste disposal fee from their monthly Utilities bill, adding a handwritten notation on the bills that the fee did not apply to them.
Contrary to the appellant’s argument that his family “did not produce garbage,” R. 81, the prosecution proved that the appellant “generate[d] waste, garbage or ash as defined in Section 22-27-2(2), (3)” through the testimony of Lauderdale County Health Department official Delton Posey. On December 26, 1990, Posey saw an “old dishwasher” containing “remnants from burning” and the “remains of a ... biscuit type can ... the metal ends and that sort of thing” in the appellant’s yard. R. 89.
In Martin v. City of Trussville, 376 So.2d 1089 (Ala.Civ.App.), cert. denied, 376 So.2d 1095 (Ala.1979), the Court of Civil Appeals considered a city ordinance mandating participation in the city’s system of garbage collection and providing misdemeanor penalties for those who failed to participate. The court held:
“When a statute is of doubtful meaning, we will adopt a reasonable and just construction. Ex parte Alabama Public Service Commission, 268 Ala. 322, 106 So.2d 158 (1958). Each description of the category to be charged in the ordinance includes the language ‘where the City furnishes such collection services.’ When this language is read together with the provision that the ‘services and assessments will be mandatory for all classes and categories described in this ordinance,’ we find it reasonable to conclude that if services are furnished, then the fees are mandatory. We further find it reasonable to conclude that services are mandatory unless a person obtains a certificate of exception under § 22-27-3(e) of the Code of Alabama 1975.”
Martin v. City of Trussville, 376 So.2d at 1093 (emphasis added). We construe Martin to mean that waste collection and disposal services are “furnished” when the services have been provided, or made available to a potential customer such as the appellant, not when the services have been utilized by the customer. Any other construction would thwart the mandatory nature of the system of waste collection and disposal. If a potential customer could avoid the waste collection and disposal fee by simply not using the service, he would have no reason to request a certificate of exception under § 22-27-3(g). “In the absence of evidence that [the appellant] applied for and received a certificate of exception, we find the fees in the instant case mandatory.” Martin v. City of Trussville, 376 So.2d at 1093.
Here, in simple terms, the State proved that the appellant violated the provisions of the Solid Wastes Disposal Act in that he faded to pay the mandatory garbage collection fee, that he failed to obtain a certificate of exception, and that the county provided, or made available to his residence, garbage collection services.
II
The appellant claims that the circuit court lacked subject matter jurisdiction over the offense. This issue was preserved by the appellant’s pre-trial motions to dismiss the indictment. CR. 14, 42.
Relying on Town of Eclectic v. Mays, 547 So.2d 96 (Ala.1989), the appellant argues that the Solid Wastes Disposal Act provides only civil penalties for a violation of its terms, and that the circuit court had no subject matter jurisdiction to try him for a misdemeanor offense.
The Act clearly authorizes criminal prosecutions and provides for criminal penalties. Section 22-27-7 states:
“Any person violating any provision of this article or any rule or regulation made pursuant to this article shall be guilty of a *1126 misdemeanor and, upon conviction, shall be fined not less than $50.00 nor more than $200.00, and, if the violation or failure or refusal to obey or comply with such provision of this article or such rule or regulation is a continuing one, each day’s violation shall constitute a separate offense and shall be punished accordingly.”
Town of Eclectic v. Mays, supra, was a class action suit by water customers of the town of Eclectic seeking relief from an Eclectic ordinance that required all water customers of the town to use the town’s garbage service. In Mays, the Alabama Supreme Court did not address the specific question of whether the Solid Wastes Disposal Act authorizes criminal penalties. Instead, it held that the Eclectic ordinance was inconsistent with state law because the particular penalty imposed by the town ordinance for non-payment of garbage service fees — a maximum fine of $500 and 6 months’ imprisonment— was incompatible with § 22-27-5(e), which provided:
“‘[i]f the fees, charges, or rates for the services furnished ... shall not be paid within 30 days after the same shall become due and payable, [the] municipality may, at the expiration of such 30 day period, suspend such services or may proceed to recover the amount of any such delinquency with interest in a civil action, or both.’ ”
Town of Eclectic v. Mays, 547 So.2d at 101.
Here, the appellant was not prosecuted for mere nonpayment of garbage fees, but for failing to subscribe to the mandatory system of waste disposal: that is, for failing to pay the fees or to obtain a certificate of exception.
Ill
The appellant argues on appeal that the Lauderdale County Commission resolution requiring “all residential units in rural Lauderdale County” to subscribe to the mandatory system of waste collection and disposal is unconstitutional. He claims that the resolution is unconstitutionally vague because it does not define the term “rural,” and that it denies equal protection of the law because it arbitrarily excludes nonresidential and nonrural customers from its operation.
These challenges to the constitutionality of the resolution of the Lauderdale County Commission have not been preserved for appellate review. See Cagle v. State, 504 So.2d 1225 (Ala.Cr.App.1987). The appellant’s pretrial motion to dismiss the indictment alleged only that the Solid Wastes Disposal Act “vio-lat[ed] ... the Defendant’s constitutional rights granted by the Fourteenth Amendment to the United States Constitution.” CR. 42. The appellant made no claim below that the resolution of the county commission, as opposed to the state statute, was unconstitutional. “‘This court, on appeal, will not consider the constitutional validity of statutes, unless the question is presented and is essential to a disposition of the case.’ City of Mobile v. Gulf Development Co., 277 Ala. 431, 439, 171 So.2d 247, 255 (1965).” Dentmon v. State, 568 So.2d 416, 420 (Ala.Cr.App.1990).
IV
The appellant also claims that the Solid Wastes Disposal Act is unconstitutional because the provisions requiring mandatory participation in the waste disposal system “deprived [him] of his fundamental right to exercise dominion and control over his property in violation of the Due Process Clause of the Fourteenth Amendment.” Brief of the Appellant at 31.
The vast majority of courts have held that government does not violate the “constitutional prohibitions against the taking of property without compensation and due process of law” by requiring participation in a mandatory system of waste disposal. See Annot., 83 A.L.R.2d 799, 802 (1962). See generally Gardner v. Michigan, 199 U.S. 325, 26 S.Ct. 106, 50 L.Ed. 212 (1905); California Reduction Co. v. Sanitary Reduction Works, 199 U.S. 306, 26 S.Ct. 100, 50 L.Ed. 204 (1905).
While the Act admittedly restricts the appellant’s right to exercise dominion and control over his property,
“the possession and enjoyment of all rights are subject to such reasonable conditions as may be deemed by the governing authority of the country essential to the safe *1127 ty, health, peace, good order and morals of the community. Even liberty itself, the greatest of all rights, is not unrestricted license to act according to one’s own will.”
California Reduction Co. v. Sanitary Reduction Works, 199 U.S. at 324, 26 S.Ct. at 105.
“[I]f in [the city’s] judgment, fairly and reasonably exercised, the presence of garbage and refuse in the city, on the premises of householders and otherwise, would endanger the public health by causing the spread of disease, then it could rightfully require such garbage and refuse to be removed and disposed of, even if it contained some elements of value. In such circumstances, the property rights of individuals in the noxious materials described in the ordinance must be subordinated to the general good.”
Gardner v. Michigan, 199 U.S. at 332-33, 26 S.Ct. at 109.
The Solid Wastes Disposal Act has been repeatedly upheld as a “reasonable provision[ ] enacted under the State’s police power to promote public health.” State v. Clayton, 492 So.2d 665, 668 (Ala.Cr.App.1986). See also Ex parte Lauderdale County, 565 So.2d 623, 627 (Ala.), cert. denied, 498 U.S. 855, 111 S.Ct. 153, 112 L.Ed.2d 118 (1990); Alabama State Board of Health ex rel. Baxley v. Chambers County, 335 So.2d 653, 656 (Ala.1976).
“ ‘Among the police powers of government, the power to promote and safeguard the public health ranks at the top. If the right of an individual runs afoul of the exercise of this power, the right of the individual must yield.’ Further, the constitutional limitation on the exercise of power to regulate private property in the interest of public health comes down to a question of ‘reasonability.’ ”
Frederick v. Air Pollution Control District, 783 S.W.2d 391, 394 (Ky.1990) (quoting Graybeal v. McNevin, 439 S.W.2d 323, 325 (Ky.1969)).
We hold that the provisions of the Act at issue here are reasonable. The appellant was entitled to apply for a certificate of exception, under § 22-27-3(g), on the basis that he “dispose[d] of his own solid wastes on his land or otherwise ” by recycling, reutiliz-ing, composting, giving away, or selling certain items. Instead, the appellant chose not to apply for a certificate of exception, and he was fairly held accountable for his noncom-plianee with the Act.
The appellant’s conviction is affirmed.
APPLICATION FOR REHEARING GRANTED; RULE 39(K) MOTION DENIED; ORIGINAL OPINION WITHDRAWN; OPINION SUBSTITUTED; AFFIRMED.
All Judges concur.